CITY OF LAKEWOOD, APPELLEE, *v.* ALL
STRUCTURES, INC., D.B.A. B-DRY
SYSTEMS, INC., APPELLANT.

(No. 46726—Decided November 28, 1983.)

*Mr. Michael Murman,* for appellee.
*Mr. Lawrence J. Rich,* for appellant.

DAY, P.J. In this case defendant All
Structures, Inc., d.b.a. B-Dry Systems,
Inc., appeals the decision of the trial court
finding it guilty of performing work
without a permit, in violation of Section
1505.01 of the Lakewood Codified Or-
dinances. For the reasons adduced below,
the judgment is affirmed.

### I

Defendant is in the business of water-
proofing homes and other structures. The
procedure is roughly this: A trench is dug
along the perimeter of the basement floor
about eighteen inches from the inside of
the exterior wall. It may be as wide as fif-
teen inches and as deep as "eight, ten
inches." The trench is the filled with
gravel and drain tile, and a sump pump in-
stalled which forces water through the
wall "to the downspout line and then out
through the storm sewer line."

In October 1982, defendant water-
proofed a home in Lakewood. The job
took six days to complete and cost about
$3,800; it required the removal of a stair-
way.

The relevant ordinance, Section
1505.01 provides:

"A building permit shall be obtained
from the Building Official before pro-
ceeding with any excavation, grading,
construction, alteration, repair, moving
or demolition of any dwelling or appurte-
nant structure. A separate permit shall be
obtained for electrical work, plumbing
work, heating and air-conditioning ap-
pliances and all other equipment installa-
tions that are essential features in the
construction or use of a dwelling house."

Defendant's work was done without
the benefit of a permit. The court found
defendant guilty of violating the or-
dinance and fined it $300. Four errors are
assigned.

### II
### Assignment of Error No. I

"Ordinance Number 1505.01 of the
Codified Ordinances of Lakewood is in-
operative and void for uncertainty of
meaning."

A pretrial hearing was held below on
defendant's motion to dismiss at which
the unconstitutionality of the ordinance
was argued on equal protection grounds.[1]
The constitutionality of the ordinance was
sustained. Counsel has adopted a dif-
ferent theory of unconstitutionality on ap-
peal — one not presented to the trial
court. Ordinarily, in the absence of plain
error, this court need not consider an

---

[1] The second argument made at the hear-
ing was not constitutional but statutory: that
defendant's conduct did not amount to an "ex-
cavation," thereby freeing it from ordinal
regulation. This issue is addressed by defen-
dant's second assignment of error.

issue not raised below, *State* v. *Williams* (1977), 51 Ohio St. 2d 112, 117 [5 O.O.3d 98]. However, a claim of unconstitutionality of legislation is never waived. For unconstitutional legislation is a nullity, cf. *Ex Parte Siebold* (1879), 100 U.S. 371, 376-377; *Blackledge* v. *Perry* (1974), 417 U.S. 21, 30; *Journigan* v. *Duffy* (C.A. 9, 1977), 552 F. 2d 283, 289. Accordingly, the claim of unconstitutional vagueness must be decided. Turning to that issue and reading the ordinance carefully (even without recourse to the presumption of validity) one is driven to the conclusion that no extended analysis is necessary. The legislative purpose to require permits and when one is necessary could hardly be clearer. The ordinance is constitutional.

The first assignment of error is without merit.

### III

#### Assignment of Error No. II

"The trial court erred in not ruling that a permit is not needed for the work done by defendant-appellant."

Defendant does not argue, nor could it, that its conduct was privileged, *i.e.*, beyond the reach of *any* regulation. The sole question is whether this *particular* ordinance reached defendant's conduct. The issue is one of statutory interpretation. If defendant's waterproofing process reasonably admits being described as an "excavation" within the intent of the ordinance, it was properly subjected to regulation.

The ordinance reveals an intent to broadly control all aspects of "building" from repair to demolition. While there may be de minimus exceptions to its scope, defendant's activity does not present such a case. Its excavation was significant in every respect.

Assignment of Error No. II is without merit.

### IV

#### Assignment of Error No. III

"The judgment of the Lakewood Municipal Court is against the manifest weight of the evidence."

Defendant here contests the city's proof of the absence of a permit. That proof consisted of the testimony of the Lakewood Building Commissioner, the custodian of the records of the permit issuing department. To his knowledge, defendant had not been issued a permit. In the absence of any other evidence on the issue[2] the legitimate inference that defendant did not have a permit was not against the weight of the evidence.

Assignment of Error No. III is without merit.

### V

#### Assignment of Error No. IV

"The court erred in failing to consider that a building official could not have issued a permit due to the decision of the Board of Building Standards of the city of Lakewood."

Defendant here argues that the court should have considered that the local administrative body refused to issue defendant a permit for its work without the filing of engineering drawings, a costly and discriminatory requirement according to defendant.

But defendant does not show how this squares as a defense to the present prosecution for working without a permit. The remedy for the city's wrongful failure to issue a permit, if any, was recourse to legal remedies. Flagrant disregard of the ordinance is not an alternative.

Assignment of Error No. IV is without merit.

### VI

The judgment is affirmed.

*Judgment affirmed.*

CORRIGAN and NAHRA, JJ., concur.

---

[2] At the pretrial hearing defendant admitted that a formal application for a permit had never been made.