THE STATE OF OHIO, APPELLANT, *v.* 1981 DODGE RAM VAN ET AL., APPELLEES.

[Cite as State *v.* 1981 Dodge Ram Van (1988), 36 Ohio St. 3d 168.]

(No. 86-1151—Decided April 27, 1988.)

*John F. Holcomb,* prosecuting attorney, and *Daniel G. Eichel,* for appellant.

*Per Curiam.* The state contends that it is an abuse of discretion for a court of appeals to decide an appeal on an issue it raises *sua sponte* where that issue was not raised in the trial court by either party, was not assigned as error by the appellant, was not briefed by either party, and was not factually supported by the record.

The state's complaint was brought under authority of R.C. 2933.41(C), which allows a governmental unit in possession of certain seized property to bring an action to terminate the rights of other persons in such property. The state claimed that the mismatching VINs established the illegal status of the van in question under former R.C. 4549.07 (now R.C. 4549.62[D][1]) and that it was a crime for Pierson to possess such a vehicle.

The trial court ordered that the van be forfeited to the state because of the illegal disfigurement of the vehicle's VIN, and awarded the vehicle to the local police department.

On appeal, Pierson argued that the trial court had erred by refusing to grant his motion for dismissal. He also argued that a motor vehicle is not subject to forfeiture under R.C. 2933.41 (C) due to the removal, concealment or destruction of the VINs *unless* the vehicle was used in the commission of an offense other than a traffic offense, and that the state failed to meet its burden of proving beyond a reasonable doubt that the defendant had committed an offense.

After considering the nature of R.C. 2933.41 disposition proceedings, the decision of this court in *State* v. *Lilliock* (1982), 70 Ohio St. 2d 23, 24 O.O. 3d 64, 434 N.E. 2d 723, and a recent amendment of R.C. 2933.41, the court of appeals *sua sponte* raised the issue of the constitutionality of R.C. 4549.07. The court of appeals concluded that R.C. 4549.07 was unconstitutionally overbroad and failed to provide due process protection to an innocent, bona fide purchaser for value, which description the defendant met. The court of appeals reversed the trial court's decision, dismissed the case, and ordered that defendant's van be returned to him immediately.

App. R. 12 sets forth a court of appeals' review power.[1] Although App. R. 12(A) provides that an appellate

---

[1] App. R. 12(A) provides:

"Determination. In every appeal from a trial court of record to a court of appeals, not dismissed, the court of appeals shall review and affirm, modify, or reverse the judgment or final order of the trial court from which the appeal is taken. *The appeal shall be determined on its merits on the assignments of error set forth in the briefs required by Rule 16,* on the record on appeal as provided by Rule 9, and, unless waived, on the oral arguments of the parties, or their counsel, as provided by Rule 21. *Errors not specifically pointed out in the record and separately argued by brief may be disregarded. All errors assigned and briefed shall be passed upon by the court in writing, stating the reasons for the court's decision as to each such error."* (Emphasis added.)

court need not pass on errors which were not assigned or argued, this power is discretionary. We have previously held that nothing prevents a court of appeals from passing upon an error which was neither briefed nor pointed out by a party. *Hungler* v. *Cincinnati* (1986), 25 Ohio St. 3d 338, 25 OBR 392, 496 N.E. 2d 912; *C. Miller Chevrolet, Inc.* v. *Willoughby Hills* (1974), 38 Ohio St. 2d 298, 67 O.O. 2d 358, 313 N.E. 2d 400.

However, *Willoughby Hills* also states that out of fairness to the parties, a court of appeals which contemplates a decision upon an issue not briefed before it should (as was done in that case) give the parties notice of its intention and an opportunity to brief the issue. *Id.* at 301, 67 O.O. 2d at 360, 313 N.E. 2d at 403, fn. 3. Here, there was no such notice or opportunity for briefing given to the parties by the court of appeals. The first notice that constitutional issues were being considered was given when the court of appeals' decision was released.

The court of appeals below relies upon *State* v. *Awan* (1986), 22 Ohio St. 3d 120, 22 OBR 199, 489 N.E. 2d 277; *Lakewood* v. *All Structures, Inc.* (1983), 13 Ohio App. 3d 115, 13 OBR 133, 468 N.E. 2d 378; and *State* v. *Giesler* (Aug. 30, 1985), Warren App. No. CA85-02-003, unreported, to justify its *sua sponte* consideration of the constitutionality of R.C. 4549.07. That reliance is misplaced. Those cases do not establish the proposition that a court of appeals has unfettered authority to determine an appeal on the basis of a new and unargued issue.

In *Awan, supra,* the defendant first raised the issue of constitutionality before the court of appeals. We upheld the court of appeals' refusal to consider that issue:

"The general rule is that 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' *State* v. *Childs* (1968), 14 Ohio St. 2d 56 [43 O.O. 2d 119], paragraph three of the syllabus; *State* v. *Glaros* (1960), 170 Ohio St. 471 [11 O.O. 2d 215], paragraph one of the syllabus; *State* v. *Lancaster* (1971), 25 Ohio St. 2d 83 [54 O.O. 2d 222], paragraph one of the syllabus; *State* v. *Williams* (1977), 51 Ohio St. 2d 112, 117 [5 O.O. 3d 98]. Likewise, '[c]onstitutional rights may be lost as finally as any others by a failure to assert them at the proper time.' *State* v. *Childs, supra,* at 62, citing *State* v. *Davis* (1964), 1 Ohio St. 2d 28 [30 O.O. 2d 16]; *State, ex rel. Specht,* v. *Bd. of Edn.* (1981), 66 Ohio St. 2d 178, 182 [20 O.O. 3d 191], citing *Clarington* v. *Althar* (1930), 122 Ohio St. 608, and *Toledo* v. *Gfell* (1958), 107 Ohio App. 93, 95 [7 O.O. 2d 437]. [Footnote omitted.] Accordingly, the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court. See *State* v. *Woodards* (1966), 6 Ohio St. 2d 14 [35 O.O. 2d 8]. This rule applies both to appellant's claim that the statute is unconstitutionally vague on its face and to his claim that the trial court interpreted the statute in such a way as to render the statute unconstitutionally vague. Both claims were apparent but yet not made at the trial court level.

"*Although R.C. 2505.21 gives appellate courts discretion to review a claimed denial of constitutional rights not raised below, 'that discretion will not ordinarily be exercised to review such claims, where the right sought to be vindicated was in existence prior to or at the time of trial.' State* v.

*Woodards, supra,* at 21. The appellate court did not abuse its discretion in refusing to review appellant's claim of unconstitutionality. The legitimate state interest in orderly procedure through the judicial system is well recognized as founded on the desire to avoid unnecessary delay and to discourage defendants from making erroneous records which would allow them an option to take advantage of favorable verdicts or to avoid unfavorable ones. *State* v. *Childs, supra,* at 62, citing *Douglas* v. *Alabama* (1965), 380 U.S. 415, and *Henry* v. *Mississippi* (1965), 379 U.S. 443." (Emphasis added.) *Awan, supra,* at 122-123, 22 OBR at 201-202, 489 N.E. 2d at 279-280.

*Awan* does not support the action of the court of appeals in the instant case. *Awan* is a repudiation of the doctrine announced in *Lakewood, supra,* that a claim of unconstitutionality of legislation is never waived. To apply *Awan* means to apply the doctrine of waiver, which in the case at bar requires the conclusion that Pierson waived any claim of unconstitutionality by failing to raise that issue before the trial court.

Furthermore, it is well-established that App. R. 12(A) requires that all errors assigned and briefed in the court of appeals be passed upon by the court, stating the reasons for its decision. *Dougherty* v. *Torrence* (1982), 2 Ohio St. 3d 69, 2 OBR 625, 422 N.E. 2d 1295; *State* v. *Jennings* (1982), 69 Ohio St. 2d 389, 23 O.O. 3d 354, 433 N.E. 2d 157; *Lumberman's Underwriting Alliance* v. *American Excelsior Corp.* (1973), 33 Ohio St. 2d 37, 62 O.O. 2d 373, 294 N.E. 2d 224; and *Smith* v. *Jaggers* (1973), 33 Ohio St. 2d 1, 62 O.O. 2d 168, 292 N.E. 2d 641. The failure to rule on all errors requires that the court of appeals' decision be reversed and remanded for compliance

with the requirements of App. R. 12(A). *Dougherty, supra;* and *Jennings, supra.*

Since the court of appeals concluded that its finding of unconstitutionality rendered moot the issues raised by defendant's appeal, it declined to address those issues. We find that the court of appeals' *sua sponte* consideration of the constitutionality of R.C. 4549.07 was an abuse of the court's discretion. Moreover, since the issue in this case was not raised in the trial court, the statute is not " 'obviously invalid.' " (See concurring opinion of Celebrezze, C.J., in *Awan, supra,* at 124, 22 OBR at 203, 489 N.E. 2d at 280.) The court of appeals' refusal to consider the errors before it was a failure to comply with the requirements of App. R. 12(A).

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to that court for compliance with the requirements of App. R. 12(A).

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES and H. BROWN, JJ., concur.

DOUGLAS and WRIGHT, JJ., concur in judgment only.

DOUGLAS, J., concurring in judgment only. I write separately to express my concern with the expansive view being given to *State* v. *Awan* (1986), 22 Ohio St. 3d 120, 22 OBR 199, 489 N.E. 2d 277. *Awan* should not be read as saying that a litigant may not raise the issue of the constitutionality of a statute or its application at the appellate level just because that litigant has failed to raise the question earlier. A statute which is, in any respect, un-

constitutional cannot be effective to accomplish its purpose no matter when the constitutional infirmity is raised or determined. To the extent that *Awan* is being interpreted differently, it is my judgment that we improperly decided that case.

Further, the majority, after finding that the court of appeals misinterpreted *Awan,* itself misinterprets *Awan.* I find this to be dangerous because the misinterpreted *Awan* analysis of the majority will be cited to us time and again for a proposition for which *Awan* does not stand. While it may have been improper (and I do not concede this) for the court of appeals to *sua sponte* consider, without assignment or briefing, the constitutionality of R.C. 4549.07, that is an entirely different issue from the issue decided in *Awan.* The syllabus in *Awan* says that constitutional issues not raised at the trial court level "* * * *need not* be heard for the first time on appeal." (Emphasis added.) The case does not and should not be read to say that a court sitting in an appellate capacity *may not* hear a constitutional issue raised for the first time upon appeal. In fact, to take literally the position of the majority is to read out of App. R. 12(A) the sentence that says: "Errors not specifically pointed out in the record and separately argued by brief *may* be disregarded." (Emphasis added.) Implicitly then, a court of appeals may consider those errors in the record which it discovers, but which have not been specifically raised by the appellant. Thus, an appellate court may examine the record regarding such errors although it has no obligation to do so.