IN RE DILLARD.

(No. 10295—Decided June 8, 1988.)

*Lee C. Falke,* prosecuting attorney, and *Grant Wadsworth,* for appellee.

*Georgianna I. Parisi,* for appellant.

BROGAN, J. The appellant, Victoria Dillard, appeals from a Montgomery County Juvenile Court judgment awarding permanent custody of the defendant's daughter, Kylia Dillard, to the state. The defendant is incarcerated at the Ohio Reformatory for Women in Marysville, Ohio. She gave birth to Kylia while she was still subject to confinement. On November 27, 1985, the Montgomery County Children Services Board filed a complaint alleging that the defendant's child, Kylia, was a dependent child. The board claimed that the appellant-mother was the only relative who sought custody of the child, and that she was presently incarcerated and was not to be considered for parole un-

til 1991. The trial court held that the child was a "dependent child" as defined by R.C. 2151.04. Subsequently, the court awarded permanent custody to the state. It is from that judgment that the appellant appeals and raises the following as her sole assignment of error:

"The court erred in granting permanent custody to the state of Ohio, in that Ohio Revised Code 2151.353 allowing such a grant of permanent custody conflicts with the Ohio Revised Code regarding adoption proceedings, thereby giving different results with identical fact patterns."

The gist of the appellant's argument is that R.C. 2151.353 permits the state to receive permanent custody over a "dependent child" whose parent is incarcerated, while the statutes governing adoption, *e.g.*, R.C. 3107.06 and 3107.07, prohibit the adoption of a child without an incarcerated parent's consent.[1] The appellant contends that the different results reached under these two chapters of the Revised Code constitute a violation of her equal protection and due process rights. For the following reasons, we disagree.

First of all, the appellant's argument is based on the faulty logic that a different result would be achieved under the adoption statutes than under R.C. 2151.353. This is not necessarily true.

In *In re Adoption of Schoeppner* (1976), 46 Ohio St. 2d 21, 75 O.O. 2d 12, 345 N.E. 2d 608, syllabus, the Ohio Supreme Court held that one parent's incarceration does not vitiate the requirements of consent, pursuant to R.C. 3107.06, by both natural parents prior to the entry of a decree of adoption. The court also stated that "[a]ny exception to the requirement of paren-

tal consent must be strictly construed so as to protect the right of natural parents to raise and nurture their children. * * *" *Id.* at 24, 75 O.O. 2d at 13, 345 N.E. 2d at 610. Protecting the right of the natural parent is at the core of the requirement of consent found in R.C. 3107.06. R.C. 3107.06 states in pertinent part:

"Unless consent is not required under section 3107.07 of the Revised Code, a petition to adopt a minor may be granted only if written consent to the adoption has been executed by all of the following:

"(A) The mother of the minor;

"(B) The father of the minor, if the minor was conceived or born while the father was married to the mother, if the minor is his child by adoption, or if the minor has been established to be his child by a court proceeding[.]"

R.C. 3107.07 provides the exceptions to the consent requirement of R.C. 3107.06 and, in pertinent part, provides:

"Consent to adoption is not required of any of the following:

"(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

"* * *

"(D) A *parent whose parental rights have been terminated by order of a juvenile court under Chapter 2151. of the Revised Code*[.]" (Emphasis added.)

---

[1] The appellant concedes that the child is a "dependent child" as defined under R.C. 2151.04, and she also concedes that the state has the authority to obtain permanent custody under R.C. 2151.353.

It is clear from these two provisions that this law is concerned with balancing parental rights with the best interests of the child. Furthermore, it is quite apparent from the language of R.C. 3107.07(D), above, that R.C. Chapter 2151 and R.C. 3107.06 and 3107.07 are not in conflict with one another.

As is the case in adoption proceedings, R.C. Chapter 2151 is concerned with balancing parental rights with the best interests of a child. The purpose of R.C. Chapter 2151 is laid out in R.C. 2151.01, which states in pertinent part:

"The sections in Chapter 2151. of the Revised Code * * * shall be liberally interpreted and construed so as to effectuate the following purposes:

"(A) To provide for the care, protection, and mental and physical development of children subject to Chapter 2151. of the Revised Code;

"* * *

"(C) To achieve the foregoing purposes, whenever possible, in a family environment, *separating the child from its parents only when necessary for his welfare or in the interests of public safety*[.]" (Emphasis added.)

Upon review of R.C. Chapter 2151. and R.C. 3107.07, we find that these statutes are clearly not in conflict. The main objective of both R.C. Chapter 2151 and R.C. 3107.07 is to protect parental rights while ensuring the welfare and safety of children. Both R.C. Chapter 2151 and R.C. 3107.07 place the welfare of the child first and foremost. It is only upon a finding that a parent cannot properly raise the child that he will lose his right to oppose adoption under R.C. 3107.07 or to retain custody under R.C. Chapter 2151. Furthermore, R.C. 3107.07(D) clearly states that once parental rights have been terminated by a juvenile court pursuant to R.C. Chapter 2151, then that parent also loses his right to withhold consent to an adoption under R.C. 3107.06. Clearly, then, an incarcerated person is not treated differently under both parts of the Revised Code. Upon a finding of "dependency," an incarcerated parent may forfeit his rights under R.C. 2151.353 and 3107.07. In light of the foregoing, we find that R.C. Chapter 2151 does not conflict with the adoption provisions provided in R.C. 3107.06 and 3107.07.

Parenthetically, although we addressed the appellant's constitutional challenge to the court's termination of appellant's parental rights because of her "incarceration" and the child's resultant "dependency," an argument can be made that appellant waived her right to present her constitutional challenge in this court because she failed to raise this argument in the trial court. See, *State* v. *1981 Dodge Ram Van* (1988), 36 Ohio St. 3d 168, 522 N.E. 2d 524, where the Ohio Supreme Court held in a *per curiam* opinion that it was error for the court of appeals to hold that a statute was unconstitutional for overbreadth in its application when the constitutional question was not raised by the parties before the trial court or before the appellate court and where the court noted:

"* * * To apply [*State* v.] *Awan* [(1986), 22 Ohio St. 3d 120, 22 OBR 199, 489 N.E. 2d 277,] means to apply the doctrine of waiver, which in the case at bar *requires the conclusion that Pierson waived any claim of unconstitutionality by failing to raise that issue before the trial court.*" (Emphasis added.) *Id.* at 171, 522 N.E. 2d at 527.

The appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WILSON, J., concurs.

266

Wolff, J., concurring. I concur in the majority opinion and write separately to state why appellant has not been denied due process or equal protection. The record reflects that she was notified of the trial court proceedings and permitted to participate with the assistance of counsel paid for at public expense. She appeals by counsel paid for at public expense. The appellant's right to due process has thus been protected. It is the adjudication of dependency which renders a parent involved in proceedings under R.C. Chapter 2151 legally dissimilar to a parent involved in proceedings under R.C. Chapter 3107. Hence, appellant has not been denied equal protection of the laws.