OPINION
This consolidated appeal follows the determination by the Butler County Court of Common Pleas that defendants-appellants/cross-appellees, Sjon D. Davenport, Kenneth R. McKinney, and James A. Singletary, and defendant-appellee, Gregory S. Jones, are sexual predators. Davenport, McKinney, and Singletary each appeal this determination by the trial court. In addition, the state of Ohio, as cross-appellant in the cases of Singletary, Davenport, and McKinney, and as appellant in the case of Jones, challenges the trial court's conclusion that the labeling and notification provisions of Ohio's sexual predator law are unconstitutional when applied to these four offenders, all of whom were convicted and sentenced before the law was enacted.
I. The State's Appeal (Jones) and Cross-Appeal (McKinney and Singletary)
We begin with the issue raised by the state on appeal (Jones) and on cross-appeal (McKinney and Singletary).[1] In each of these cases the offender was convicted and sentenced prior to the effective date of the classification and notification sections of Ohio's sexual predator statute, Amended Substitute House Bill 180 ("H.B. 180"), codified in part at R.C. Chapter 2950.[2] In its analysis, the trial court concludes that the "labeling" as sexual predator and subsequent community notification provisions are both punitive and substantive and, therefore, cannot be applied to these offenders without violating the Ex Post Facto clause of the U.S. Constitution and the retroactive clause of the Ohio Constitution.[3] The trial court ordered the Department of Rehabilitation and Correction ("DRC") to refrain from entering in each defendant's institutional record the fact that the defendant has been labeled a sexual predator, and required Jones, McKinney, and Singletary to register as sexual offenders, not sexual predators, upon release from prison.[4]
The state contests the trial court's orders only insofar as the trial court finds that the "labeling" and notification provisions of H.B. 180 are unconstitutional as applied to offenders whose convictions predate the statute. We addressed this issue recently in State v. Lyttle (Dec. 22, 1997), Butler App. No. 96-03-060, unreported. In Lyttle, we held that as applied to offenders who were convicted and sentenced prior to the enactment of H.B. 180, the "sexual predator classification provision and attendant registration, address verification, and community notification requirements contained in the act * * * violate neither the federal prohibition against ex post facto laws nor Ohio's prohibition against retroactive legislation." Accordingly, on the authority of Lyttle, we sustain the state's appeal as to Jones, and the state's cross-appeals as to McKinney and Singletary. We reverse the trial court on this issue as to these three parties and remand these three cases for the trial court to enter a separate order for each offender that recognizes the constitutionality of H.B. 180 in this context and otherwise complies with the dictates of the statute.
II. McKinney's Appeal
McKinney raises two assignments of error in his appeal. In his first assignment of error, McKinney contends that the trial court's decision finding him to be a sexual predator is contrary to law and against the manifest weight of the evidence. Specifically, McKinney argues that the circumstances of an offender's prior conviction cannot serve as the sole basis for a determination that the offender is a sexual predator. We disagree.
On this same issue, this court has found previously that a trier of fact may use past behavior to gauge future propensity to commit crimes. See State v. Striley (Dec. 29, 1997), Clermont App. No. CA97-05-046, unreported, citing Kansas v. Hendricks (1997), U.S., 117 S.Ct at 2080 ("[p]revious instances of violent behavior are an important indicator of future violent tendencies").
In this case, the record shows that on May 10, 1985, McKinney was indicted by a grand jury in Butler County on three counts of raping a minor with a specification of force in violation of R.C.2907.02(A)(3). Two of the counts involved McKinney's thirteen-year-old stepson, and the third the boy's twelve-year-old cousin. McKinney was also indicted in Warren County on two counts of rape, also of his stepson. A Warren County jury convicted McKinney as charged. McKinney then pled guilty in Butler County to three counts of raping a minor with no specification of force.
On May 19, 1997, prior to McKinney's scheduled release, the trial court held a sexual predator determination hearing. At that hearing, McKinney agreed to a recitation of the facts in lieu of testimony. The prosecution's statement revealed that McKinney had engaged in fellatio and sodomy with his stepson over a period of three years starting when the boy was ten years old. On at least one occasion, McKinney tied his stepson to beams in the basement, engaged in some form of ritualistic behavior, and then had sex with the boy. McKinney responded to his stepson's objections with intimidating threats. McKinney also engaged in fellatio and ritualistic practice with his stepson's cousin.
Based on these facts, this court finds that the trial court's determination that McKinney is a sexual predator is supported by clear and convincing evidence. See R.C. 2950.09(B)(3). Moreover, we note that contrary to McKinney's assertions, the judge did not rely solely on McKinney's prior conviction in making this determination, but had before him several of the factors set forth R.C. 2950.09(B)(2) for determining whether an offender is a sexual predator, including the age of the victims, see R.C.2950.09(B)(2)(c); the fact that there were multiple victims, see R.C. 2950.09(B)(2)- (d); the nature of the act, see R.C.2950.09(B)(2)(h); and McKinney's intimidating behavior towards the two boys. See R.C. 2950.09(B)(2)(j). McKinney's first assignment of error is overruled.
In his second assignment of error, McKinney argues that the definition of a sexual predator as someone who is likely to engage in sexually oriented offenses in the future is unconstitutionally vague. This court considered and rejected this argument in State v. Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065, unreported at 3. McKinney's second assignment of error is overruled.
III. Singletary's Appeal
Singletary did not file an appellate brief in this matter; therefore, his appeal is hereby dismissed.
IV. Davenport's Appeal
On August 29, 1995, Davenport pled guilty to three counts of gross sexual imposition, two counts of corruption of a minor, and two counts of aggravated menacing. Davenport was sentenced to five consecutive one and one-half year terms of imprisonment and two six-month concurrent terms of imprisonment. The trial court suspended three of the sentences, requiring Davenport to serve a total of three years in prison.
On April 30, 1997, following a recommendation by the DRC, the trial court held a sexual predator determination hearing. In an entry dated May 1, 1997, the trial court found that Davenport is a sexual predator. The trial court observed that "[a]t the time of the hearing * * * [Davenport] had already been released from the custody of the Department of Rehabilitations and Corrections." The trial court also found that the "labeling" and community notification provisions of the sexual predator statute would operate retroactively and, thus, would be unconstitutional as applied to Davenport since he committed his offenses prior to January 1, 1997, the effective date of the applicable sections of the sexual predator statute. The trial court required Davenport to register with the sheriff's office, but the sheriff was ordered "not to label [Davenport] as a sexual predator, nor to notify individuals within the `Specified Notification Area.'"
Davenport appealed his adjudication as a sexual predator claiming in his first assignment of error that the sexual predator law is unconstitutional; and, in his second assignment of error, that the trial court erred to his prejudice when it found him to be a sexual predator. Plaintiff-appellee, the state of Ohio, crossappealed, arguing that the trial court erred in finding that the "labeling" and community notification provisions of the sexual predator law are unconstitutional.
Upon our review of the briefs, this court raised sua sponte the question of whether the trial court had jurisdiction to determine that Davenport is a sexual predator. Davenport falls among the class of offenders described in R.C. 2950.09(C). He pled guilty to and was sentenced for committing a sexually oriented offense prior to January 1, 1997, and was serving a term of imprisonment in a state correctional institution after January 1, 1997. This court recently held that members of this group of offenders must be adjudicated as sexual predators prior to their release from prison or not at all. See State v. Brewer (Jan. 12, 1998), Clermont App. No. CA97-03-03 unreported at 4. In accordance with State v. Dodge Ram Van (1988), 36 Ohio St.3d 168, we ordered the parties to submit supplemental briefs on this issue. We now conclude that under the authority of Brewer, Davenport's adjudication as a sexual predator must be reversed.[5] In light of this result, the assignments of error raised by Davenport on appeal and by the state on cross-appeal are rendered moot.
V. Summary
In summary, this court sustains the state's appeal as to Jones and the state's cross-appeals as to Singletary and McKinney. The trial court's orders are reversed and remanded insofar as they require: (1) the DRC not to record the label "sexual predator" in the institutional records of these offenders; and, (2) Jones, McKinney, and Singletary to register as sexual offenders not sexual predators. The trial court is directed to issue new orders for Jones, McKinney, and Singletary consistent with this opinion and otherwise complying with the mandates of H.B. 180. McKinney's assignments of error contesting his adjudication as a sexual predator are overruled and as to that determination the trial court is affirmed. Singletary's appeal is dismissed for failure to file a brief with this court. Davenport's adjudication as a sexual predator is reversed.
Judgments affirmed as set forth above.
YOUNG, P.J., and POWELL, J., concur.
[1] The state's cross-appeal in Davenport's case has been rendered moot for the reasons set forth infra.
[2] The effective dates are January 1, 1997 and July 1, 1997, respectively.
[3] The trial court concluded that the sexual predator law is "a permissible exercise of legislative authority" except when applied retroactively to offenders who were convicted and sentenced prior to the law's enactment. The court indicated that it will enforce the labeling and notification provisions of the sexual predator law as to offenders who are convicted and sentenced after January 1, 1997.
[4] The former version of R.C. Chapter 2950 required "habitual sex offenders" to register with law enforcement officials in the offender's city or county of residence. See former R.C. 2950.02
(repealed July 1997). An "habitual sex offender" was defined as a person convicted two or more times for sex offenses. See R.C.2950.01 (repealed by H.B. 180, Section 2, effective January 1, 1997).
[5] Davenport remains obligated, however, to comply with all other applicable sections of the current version of R.C. Chapter 2950.