OPINION
At approximately 9:00 p.m. on February 21, 1997, plaintiff, Linetta D. Clark, was driving westbound on Twelfth Avenue between Neil and College Avenues on the grounds of The Ohio State University campus. Driving behind plaintiff was defendant Emily Oancea. According to the plaintiff, she slowed and signaled in order to make a right-hand turn into a parking space when defendant attempted to pass her vehicle on the right. The two vehicles collided, and this litigation ensued.
On August 10, 1998, this case was tried to a jury in front of a visiting judge of the Franklin County Court of Common Pleas. Two days later, on August 12, 1998, the jury returned a verdict for the defendant. Plaintiff now appeals, raising the following two assignments of error:
 [1.] The trial court erred by giving incorrect and contradictory jury instructions, to the material detriment of the Plaintiff-Appellant.
 [2.] The verdict was contrary to Law: Defendant-Appellee violated O.R.C. Section 4511.28 which was designed to protect the class of persons in which the Plaintiffs-Appellants are included against harm which occurred as a result of the violation.
In her first assignment of error, plaintiff contends that the trial court erred when it failed to give a jury instruction concerning the law under which the driver of a motor vehicle may permissibly overtake and pass another vehicle on the right. Specifically, plaintiff maintains that the trial court failed to include in its charge a provision instructing the jury that the driver of another vehicle may overtake and pass another "only under conditions permitting such movement with safety." We overrule plaintiff's first assignment for the following two reasons.
Our review reveals that the trial court did instruct the jury on the circumstances under which the driver of a motor vehicle may permissibly overtake and pass another vehicle on the right. The record reveals that the trial court instructed the jury as follows:
 The driver of a vehicle may overtake and pass upon the right side of another vehicle only under the following circumstances:
 First, when the vehicle overtaken is making or about to make a left turn.
 Second, upon a roadway with unobstructed pavement with sufficient width for two or more lines of vehicles moving lawfully in the direction being traveled by the overtaking vehicle.
 The driver of a vehicle may overtake and pass another vehicle only under conditions permitting such movement and safety. The movement shall not be made by driving off the roadway. A violation of this law is negligence.
[Tr. III, 119-120; emphasis added.]
Plaintiff's assertions to the contrary, we believe the foregoing instruction was a correct statement of the law and clearly described to the jury when the driver of one vehicle may pass another on the right. However, even if the instruction was not given, or was otherwise legally incorrect, as noted by the defendant, plaintiff failed to object to the instruction in order to preserve this issue for appellate review.
It is a well-settled rule of appellate review that a reviewing court will not consider alleged error which a party fails to bring to the attention of the trial court at a time when the court could address and, if necessary, correct the error.State v. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus; Shover v. Cordis Corp. (1991), 61 Ohio St.3d 213,220. As the Ohio Supreme Court stated in State v. 1981 Dodge RamVan (1988), 36 Ohio St.3d 168, 171:
 * * * The legitimate state interest in orderly procedure through the judicial system is well recognized as founded on the desire to avoid unnecessary delay and to discourage [parties] from making erroneous records which would allow them an option to take advantage of favorable verdicts or to avoid unfavorable ones. * * *
Accordingly, plaintiff's first assignment of error is overruled.
In her second assignment of error, plaintiff argues the jury's verdict was against the manifest weight of the evidence. In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court explained:
 Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. * * * Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence
sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." Black's [Law Dictionary (6 Ed. 1990)] at 1594.
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "`thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. [Id. at 387; emphasis added.]
As expected, the parties differ in their characterization of the events leading up to this collision. At trial, three witnesses testified regarding the actual events of the collision. Those three witnesses were the plaintiff, defendant, and Officer Dwight Jack, a traffic control officer for The Ohio State University.
The theory of plaintiff's case, and the majority of plaintiff's testimony, centered upon plaintiff's claim that she was proceeding lawfully in her direction of travel when she signaled her intention to make a right-hand turn into a parking space. Immediately after she initiated the turn, plaintiff claims that the defendant attempted to pass her vehicle on the right, causing the collision. Plaintiff further maintained that when she initiated her right turn she at no time crossed the centerline of the roadway. However, during the course of her testimony plaintiff, equivocated and stated that if she had crossed the centerline, it was by no more than eight or nine inches.
Defendant, on the other hand, testified that plaintiff at no time signaled her intention to make a turn. According to defendant, prior to attempting her turn, plaintiff's vehicle crossed completely over the double yellow centerline of the roadway into the oncoming lane. Defendant testified that after plaintiff's vehicle crossed over into the oncoming lane, she proceeded forward in a normal manner, when plaintiff abruptly crossed back over the double yellow centerline directly in front of her car. As a result, defendant maintained that she was unable to avoid plaintiff's vehicle as it re-entered the westbound lane.
Finally, Officer Jack testified as to his involvement in preparing the accident report and his observations of the vehicles and the litigants after the collision had occurred. Particularly, Officer Jack testified that plaintiff's vehicle came to a rest after the collision with the back of the vehicle crossing over the centerline of the roadway.
When reviewing a verdict challenged to be against the manifest weight of the evidence, we must examine the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. Thompkins, supra, at 387.
Having reviewed the trial transcript, weighed the evidence, and evaluated the credibility of the witnesses who testified during the course of this trial, we are unable to conclude that the jury clearly lost its way or rendered a verdict which constituted such a manifest miscarriage of justice that the judgment of the trial court must be reversed. In this case, the record reveals that plaintiff was effectively cross-examined concerning her account of the collision. Giving due deference to the role of the trier of fact, we believe that the jury acted within its province when it rejected plaintiff's testimony and accepted defendant's testimony and version of events leading up to the collision. See State v. DeHass (1967), 10 Ohio St.2d 230. Thus, we overrule plaintiff's second assignment of error.
Accordingly, both assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KENNEDY and YOUNG, JJ., concur.
YOUNG, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.