OPINION
{¶ 1} This is an appeal from summary judgment rulings issued by the Court of Common Pleas of Stark County.
 STATEMENT OF THE FACTS AND CASE {¶ 2} As no facts are stated in Appellee's Brief and are not required under Appellate Rule 5.21, we shall accept the factual statement set forth in Appellant's Brief as accurate.
 {¶ 3} On July 25, 2000, an accident occurred in which Stephanie Miller caused the death of Donna Sibila through her negligence in failing to yield the right of way to Mrs. Sibila.
 {¶ 4} Appellee, Lumberman's Mutual Insurance Company had issued a policy covering the Miller vehicle.
 {¶ 5} The issue before the trial court related to whether Appellee was obligated to pay a per person limit of $250,000.00 or the per accident limit of $500,000.00.
 {¶ 6} Both Appellants and Appellee filed Civil Rule 56 Motions, with Appellee's Motion sustained by the trial court and that of Appellants' rejected.
 {¶ 7} The sole Assignment of Error is:
 ASSIGNMENT OF ERROR {¶ 8} "I. THE TRIAL COURT ERRED IN DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT AS THE LANGUAGE OF ENDORSEMENT PP 03 09 IS VAGUE AND AMBIGUOUS."
 I. {¶ 9} In addressing the sole Assignment of Error, the language and requirements of Civil Rule 56 are always of consequence.
 {¶ 10} Civil Rule 56(C) states, in pertinent part:
 {¶ 11} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 12} "Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. Anchor Media Ltd. of Texas (1991),59 Ohio St.3d 108, citing Celotex v. Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36."
 {¶ 13} In the case sub judice, it is clear and undenied that appellants are now raising the issue of ambiguity as to the language of Endorsement PP0309 for the first time, having failed to present such argument to the trial court for its consideration.
 {¶ 14} An appellate court need not consider an error which a party complaining of the trial court's judgment could have called but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. State v. Williams (1977),51 Ohio St.2d 112, syllabus paragraph one. State v. Miller, 02CA15, Holmes County 5th Dist., State v. Dodge Ram Van (1988), 36 Ohio St.3d 168.
 {¶ 15} While we agree with Appellant that this Court has the discretion to consider such unraised argument notwithstanding the failure to present such to the trial court, we decline to exercise such discretionary authority.
 {¶ 16} We find the Assignment of Error is not well taken.
 {¶ 17} The decision of the trial court is affirmed.
By: Boggins, J., Gwin, P.J, and Edwards, J. concur.