{ ¶ 15} The majority dismisses this appeal because "we are by no means required to render an advisory opinion or to rule on a question of law that cannot affect matters at issue in the present case." ( ¶ 13 Majority Opinion) The majority's decision is based on its conclusion that the appellant seeks to have the images in this case declared to be obscene so, that in a future criminal prosecution, appellant would not have to prove beyond a reasonable doubt to a jury that the images were obscene. In contrast, I think that the appellant is only trying to establish a different legal definition for obscenity than the legal definition for obscenity that currently exists in this appellate district. I do not think that the appellant is trying to make it unnecessary for the appellant, in a future criminal case, to prove to a jury beyond a reasonable doubt that the material in question is obscene when that jury applies the law to the facts of the case.
{ ¶ 16} More importantly, however, is that the appellant's intent in bringing the declaratory judgment in the case sub judice is irrelevant. How, or if, the appellant intends to use a judgment in the case sub judice in a future case is not our concern until that case is before us. The appellant's assignment of error asks us only to determine whether the trial court in the case sub judice committed reversible error, as a matter of law, when it found the material was not obscene because the material did not depict sexual conduct as defined in R.C. 2907.01(A).
{ ¶ 17} Therefore, I respectfully dissent from the majority's dismissal of this appeal.
{ ¶ 18} The majority opinion also suggests that the appellant's use of R.C. 2907.36(A)(1) may be impermissible based on the wording of the statute itself. The statute states that it is to be used when there is reasonable cause to believe that section 2907.31 or 2907.32 of the Revised Code "is being or is about to be violated." The majority finds that since the material in question had already been distributed, then the use of 2907.36(A)(1) was highly questionable, if not impermissible. This is an issue not raised or argued in the briefs of the parties. And, to the extent the majority bases any of its decision on the foregoing interpretation of 2907.36(A)(1), I would find it to be an abuse of discretion by this court to rule on this case without allowing the parties an opportunity to brief the issue raised sua sponte by this court.[1] And that issue is whether 2907.36(A)(1) is the correct vehicle to use in a situation in which the materials have already been distributed.
{ ¶ 19} For the reasons stated above, I respectfully dissent from the analysis and disposition of this case by the majority.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas of Licking County, Ohio, is dismissed.
Costs assessed to Appellant State of Ohio.
[1] The Ohio Supreme Court has so stated regarding the constitutionality of a statute raised sua sponte by a Court of Appeals.State v. 1981 Dodge Ram Van (1988), 36 Ohio St.3d 168, 522 N.E.2d 524. The Ohio Supreme Court also has stated that, "[i]n fairness to the parties, a Court of Appeals which contemplates a decision upon an issue not briefed should . . . give the parties notice of its intention and an opportunity to brief the issue." C. Miller Chevrolet, Inc. v. WilloughbyHills (1974), 38 Ohio St.2d 298, 301, fn. 3, 313 N.E.2d 400,67 O.O.2d 358.