{¶ 18} I respectfully dissent from the majority's disposition of appellant's First Assignment of Error.
 {¶ 19} The majority correctly observes that the trial court had a statutory duty to calculate the revised child support amount on its own. However, my review of appellant's written objection to the calculation and "motion for review," filed as permitted by the court's directive of September 12, 2007, reveals that appellant made no clear request for an evidentiary hearing on the support issue. An appellate court will generally not consider any error which a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. See, e.g., Pastor v. Pastor, Fairfield App. No. 04 CA 67, 2005-Ohio-6946, ¶ 17, citing State v.1981 Dodge Ram Van(1988),36 Ohio St.3d 168, 170, 522 N.E.2d 524. Nonetheless, the record leads me to conclude that the trial court carefully considered the materials attached to appellant's objection, including the wage and health insurance documentation. Upon review, I would not find an abuse of discretion in the trial court's review and decision in this matter.
 {¶ 20} I would overrule both Assignments of Error and affirm. *Page 1