OPINION *Page 2 
{¶ 1} Appellant Nathaniel C. Pugh appeals the denial of a post-sentence "motion for final order," following a multi-count guilty plea in 2005 in the Stark County Court of Common Pleas. The Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On June 24, 2005, the Stark County Grand Jury indicted appellant on one count of cocaine possession, one count of aggravated trafficking in drugs, one count of aggravated possession of drugs, and one count of having weapons under a disability. Appellant subsequently withdrew his original pleas of not guilty and entered pleas of guilty to all charges as part of a plea agreement. Via judgment entry on August 23, 2005, the trial court sentenced appellant to an aggregate term of eight years in prison. Appellant did not appeal the aforesaid conviction and sentence.
 {¶ 3} More than two years later, on February 20, 2008, appellant filed a motion captioned as: "Motion to Suspend Further Execution of Sentence and Request for Defendant to be Placed in Teen Challenge Residential Treatment Program." On February 22, 2008, the trial court denied said motion.
 {¶ 4} On April 28, 2008, appellant filed a "Motion for Final Order." Appellant therein asserted that the 2005 sentencing entry was silent as to a finding of guilt, and that said sentencing entry should be corrected in order to comply with Crim. R. 32(C).
 {¶ 5} On May 23, 2008, the trial court denied appellant's motion.
 {¶ 6} On, June 18, 2008, appellant filed a notice of appeal. He herein raises the following three Assignments of Error: *Page 3 
 {¶ 7} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND PREJUDICED THE APPELLANT WHEN THE COURT FAILED TO MAKE FINAL THE AUGUST 23, 2005 SENTENCING ORDER VIOLATING CRIM.R. 32.
 {¶ 8} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND PREJUDICED THE APPELLANT BY ACCEPTING APPELLANT'S GUILTY PLEA WITHOUT INFORMING THE APPELLANT THE (SIC) COMPLETE STATUTORY REQUIRMENTS IN THE POST RELEASE CONTROL STATUTE FOR EACH COUNT.
 {¶ 9} "III. THE TRIAL COURT ABUSED ITS DISCRETION AND PREJUDICED THE APPELLANT WITH A SENTENCE THAT IS CONTRAY (SIC) TO LAW FAILING TO INFORM THE APPELLANT WITH THE PROPER TIME OF POST RELEASE CONTROL AND THE COMPLETE PENALTY IF POST RELEASE CONTROL IS VIOLATED FOR EACH COUNT.
 I. {¶ 10} In his First Assignment of Error, appellant contends the trial court erred in failing to "make final" the original 2005 sentencing entry, pursuant to his motion of April 28, 2008. We disagree.
 {¶ 11} Recently, in State v. Baker, 119 Ohio St.3d 197, 200-201,893 N.E.2d 163, 2008-Ohio-3330, the Ohio Supreme Court, seeking to resolve a conflict between appellate districts on the issue of final appealable orders in criminal convictions, held that "* * * a judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth, (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the *Page 4 
journal by the clerk of court. Simply stated, a defendant is entitled to appeal an order that sets forth the manner of conviction and the sentence." Id. at ¶ 18.
 {¶ 12} In the case sub judice, the trial court's sentencing entry of August 23, 2005, included the following language:
 {¶ 13} "Whereupon the Court having granted leave, the defendant withdrew his plea of not guilty and thereupon the Court inquired of the defendant as to whether or not he desired to plead further, to which inquiry the defendant replied that he is guilty of the crimes of * * * as charged in the Indictment, which said plea was accepted by the Court. Thereupon the Prosecuting Attorney moved that sentence be pronounced against said defendant." Id. at 2.
 {¶ 14} Appellant presently maintains that the sentencing entry at issue failed to set forth a finding of guilt as allegedly required by Crim. R. 32(C). However, in light of Baker, supra, at ¶ 18, we hold the trial court complied with the rule by reciting that appellant had entered a guilty plea to all charges in the indictment. Indeed, the Supreme Court in Baker additionally noted that "a plea of guilty requires no finding or verdict." Id. at ¶ 15.
 {¶ 15} Appellant otherwise concedes that the August 23, 2005 judgment entry duly recites his sentence, and contains the trial judge's signature and the clerk's time stamp. See Appellant's Brief at 5. Appellant furthermore does not herein assert that there was any failure by the clerk to enter the conviction on the journal. Accordingly, we find no reversible error in the trial court's denial of appellant's request to re-issue a final sentencing entry.
 {¶ 16} Appellant's First Assignment of Error is therefore overruled. *Page 5 
 II., III. {¶ 17} In his Second and Third Assignments of Error, appellant claims the trial court erred in inadequately informing him of postrelease control ("PRC") requirements during his 2005 sentencing.
 {¶ 18} In State v. Simpkins, 117 Ohio St.3d 420, 884 N.E.2d 568,2008-Ohio-1197, syllabus, the Ohio Supreme Court held: "In cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed his sentence."
 {¶ 19} Nonetheless, it is well-established that an appellate court will generally not consider any error which a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. State v.1981 Dodge Ram Van (1988),36 Ohio St.3d 168, 170, 522 N.E.2d 524.
 {¶ 20} Having reviewed appellant's April 28, 2008 "motion for final order and corresponding memorandum," which resulted in the judgment entry under appeal, we find no mention by appellant of the PRC issue, and no request for a new sentencing hearing on that basis.
 {¶ 21} Appellant's arguments pertaining to PRC notification are thus unripe for review in this appeal. *Page 6 
 {¶ 22} Appellant's Second and Third Assignments of Error are therefore overruled.
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J. Gwin, P. J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1