[Cite as *State v. Guinther*, 2010-Ohio-1263.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLANT,          CASE NO.  3-09-09

    v.

JASON A. GUINTHER,          O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Crawford County Municipal Court
Trial Court No. 08TRD1250

**Judgment Affirmed**

Date of Decision:    March 29, 2010

APPEARANCES:

    *Jack L. Felgenhauer*  for Appellant

    *Jasper N. Burt*  for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Plaintiff-appellant the State of Ohio ("the State") brings this appeal from the judgment of the Municipal Court of Crawford County granting the defendant-appellee Jason Guinther's ("Guinther") motion to withdraw his guilty plea. For the reasons set forth below, the judgment is affirmed.

{¶2} On March 22, 2008, Guinther was cited for traveling at a speed of 75 miles per hour in a posted 55 mile per hour zone in violation of R.C. 4511.21(D)(1). Guinther entered a guilty plea by waiver and paid the fine on March 27, 2008. Guinther, who was employed as a truck driver, subsequently learned that a conviction for this speed would cause him to lose his employment. On March 10, 2009, Guinther filed a motion to withdraw his guilty plea, alleging that he lacked legal counsel and was not aware of the consequences of his guilty plea on his employment and requested that he be allowed to withdraw his guilty plea. A hearing was held on the motion on March 25, 2009. On April 24, 2009, the trial court entered its judgment granting the motion to withdraw the guilty plea post sentencing. The State appeals from this decision and raises the following assignment of error.

> **The trial court abused its discretion in granting [Guinther's] motion to withdraw plea (sic) as there was no manifest injustice proven or present and that abuse of discretion by the trial court unfairly prejudices [the State].**

{¶3} The State's argument is that the trial court erred in granting the motion to withdraw a guilty plea and that this error unfairly prejudiced the State. A party may not raise for the first time on appeal an argument that could have been raised below. *State v. Smith* (1991), 61 Ohio St.3d 284, 574 N.E.2d 510. To allow parties to raise arguments for the first time on appeal would frustrate the orderly administration of justice and evade the trial court process. *State v. 1981 Dodge Ram Van* (1988), 36 Ohio St.3d 168, 522 N.E.2d 524.

{¶4} In this case, Guinther filed his motion modify the conviction, or in the alternative, to withdraw his guilty plea on March 10, 2009. The State filed no responsive pleading to Guinther's motion. Contrary to the State's allegation in its brief, a hearing on the motion was held on March 25, 2009. At the hearing, the trial court requested the State's position.[1] However, the State then proceeded to take the position that it did not believe the trial court had the authority to modify the speed upon which the conviction was based. The trial court agreed and stated that it would deny that portion of the motion. However, the trial court indicated that it would consider the alternative motion to withdraw the guilty plea. The State did not take a position on this motion. At the conclusion of the hearing, the trial court informed Guinther and the State that it would delay its judgment for

---

[1] The State was not sure of even the basic facts of the case at the hearing. The prosecutor indicated that he was working from memory, but that he might be thinking of a different case. He admitted that he was working from what his secretary advised him. Tr. 5. This court notes that given the high volume of traffic cases that come before the municipal court, this situation is understandable.

two weeks to allow both sides to file arguments concerning the motion to withdraw the guilty plea. Guinther filed his argument. The State, however, chose not to file anything. The first indication that the State gave that it opposed the motion to withdraw the guilty plea was the filing of the notice of appeal. Thus, the State did not raise this argument before the trial court and may not now do so on appeal.

{¶5} Additionally, this court notes that the State's brief erroneously argues that no hearing occurred and that it did not have the opportunity to present evidence. The State then proceeds to present the evidence it would have presented "had the court heard evidence" including attaching exhibits to the brief that were not presented to the trial court. Since the State was present at the evidentiary hearing, this court does not understand why the State did not present the evidence that it now wants to consider. This court notes that the State's "new" evidence is irrelevant to the matter before this court as it deals with prior convictions. Guinther's prior traffic offenses have no bearing on whether or not he should have been allowed to withdraw his guilty plea. In addition, the State fails to present any argument that it is prejudiced by the trial court's judgment. The State does not claim that it cannot obtain a conviction on the speeding charge. In fact, the trial court specifically made a finding that the State was not prejudiced by granting the motion. Given the fact that the State's arguments were not raised

before the trial court and the State has not alleged how it was prejudiced, the first assignment of error is overruled.

{¶6} Having found no error prejudicial to appellant, the judgment of the Municipal Court of Crawford County is affirmed.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/jlr**