DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Washington County Court of Common Pleas in which Defendant-Appellant Daron Lee Voshel pled guilty to raping a four-year-old boy, a first-degree felony, in violation of R.C.2907.02(A)(1)(b). The trial court imposed the maximum term, ten-years imprisonment, and classified appellant as a sexual offender.
Appellant makes three arguments on appeal. First, he argues that the lower court erred in denying his motion to suppress. Second, he maintains that the trial court erred in sentencing him to the maximum term. Third, he argues that the lower court's classification of him as a sexual predator was against the manifest weight of the evidence.
We find appellant's arguments to be without merit and affirm the judgment of the trial court.
 I. The Proceedings Below
In April 2000, Norma Menking and her two sons — a ten-year-old and a four-year-old — were living with Defendant-Appellant Daron Lee Voshel when she borrowed his automobile in order to attend a doctor's appointment. While she had the automobile, she found in it a notebook in which appellant had detailed sexual transgressions with at least one of her children, the four-year-old. Menking gave this notebook to the Marietta City Police Department, which promptly questioned appellant regarding its contents. Appellant confessed to sexually molesting Menking's younger son and was arrested.
After he was arrested, appellant asked Officer Greg Nohe to make arrangements for appellant's mother to pick up his vehicle from Menking's home. Officer Nohe agreed and went to Menking's residence to make the requested arrangements.
Upon Officer Nohe's arrival, Menking stated that appellant had told her that he had "important papers" in the backseat of the vehicle. Without first obtaining a search warrant for the vehicle, Officer Nohe proceeded to search the automobile and found numerous potentially incriminating items, including a journal, videotapes, and a magazine article.
In June 2000, appellant entered a guilty plea to one count of rape, a first-degree felony, in violation of R.C. 2907.02(A)(1)(b).[1]
Accordingly, the case was set for sentencing and a sexual-offender-classification hearing.
Subsequently, appellant filed a motion to suppress the evidence Officer Nohe removed from his car from consideration in the sexual-predator-classification hearing. Appellee responded to this motion arguing that motions to suppress were not applicable to sexual-offender-classification hearings because such hearings are civil in nature.
The trial court disagreed with appellee's argument and considered appellant's motion to suppress. Nevertheless, after holding a hearing, the lower court denied appellant's motion.
The trial court then held a sentencing hearing and sentenced appellant to the maximum term, ten-years imprisonment.
Subsequently, the trial court held a sexual-offender-classification hearing and found appellant to be a sexual predator.
 II. The Appeal
Appellant timely filed an appeal with this Court, assigning the following errors for our review.
First Assignment of Error:
 THE TRIAL COURT ERRED IN DENYING SUPPRESSION OF THE ITEMS FOUND IN APPELLANT'S VEHICLE WHEN THE SEARCH AND SEIZURE OF THE VEHICLE VIOLATED THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 14, ARTICLE I OF THE OHIO CONSTITUTION.
Second Assignment of Error:
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE.
Third Assignment of Error:
 THE FINDING BY THE TRIAL COURT THAT APPELLANT IS A SEXUAL PREDATOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
We will address appellant's assignments of error in a sequence conducive to our analysis.
 III. The Motion To Suppress
In appellant's First Assignment of Error he argues that the trial court erred in denying his motion to suppress. Specifically, appellant argues that Officer Nohe violated his Fourth Amendment right to be free from unlawful searches and seizures by obtaining evidence from his automobile without a warrant. We disagree.
A motion to suppress urges the trial court to utilize what has become known as the "exclusionary rule": a judicially created remedy which suppresses the fruit of a Fourth Amendment violation. See, generally,Ross v. McIntyre (1891), 140 U.S. 453, 11 S.Ct. 897.
The purpose of the exclusionary rule is to safeguard Fourth Amendment rights through its deterrent effect on police officers; the application of the rule has been largely limited to those instances where its remedial objectives are most effectively served. See, generally, United States v. Calandra (1974), 414 U.S. 338, 94 S.Ct. 613.
In keeping with the narrow purpose of deterrence, the exclusionary rule generally has not been applied in civil cases. See State ex rel. Rear Door Bookstore v. Tenth District Court of Appeals (1992),63 Ohio St.3d 354, 364, 588 N.E.2d 116, 125; see, generally, Immigration Naturalization Service v. Lopez-Mendoza (1984), 468 U.S. 1032,104 S.Ct. 3479; United States v. Janis (1975), 428 U.S. 433, 96 S.Ct. 3021.
Here, appellant makes the bare allegation that "[sexual-offender-classification hearings] * * * controlled by R.C.2950.09(B) [are] criminal in nature." (Emphasis added.). However, this contention is not borne out in Ohio law. In fact, the Supreme Court of Ohio, in State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, specifically held that R.C. Chapter 2950 is civil in nature. See, generally, State v. Gowdy (2000), 88 Ohio St.3d 387, 727 N.E.2d 579 ("We are mindful that we have held [in Cook] that sexual offender classification hearings under R.C. 2950.09(B) are civil in nature.").
Nevertheless, we have found no authority which definitively resolves whether the exclusionary rule should be applied in sexual-offender-classification hearings. Accordingly, in the case sub judice, we choose to follow the lead of the Supreme Court of Ohio and hold that, because the exclusionary rule is generally inapplicable to civil cases, "we see no reason to expand the exclusionary rule to the facts of this case." State ex rel. Rear Door Bookstore v. Tenth DistrictCourt of Appeals, 63 Ohio St.3d at 364, 588 N.E.2d at 125; accord Stateex rel. Roszmann v. Lion's Den (1993), 89 Ohio App.3d 775, 627 N.E.2d 629.
As an aside, we refuse to entertain in any detail appellant's secondary argument, which, like his primary argument, is wholly devoid of any supporting authority. Appellant contends that we "should not consider whether * * * the trial court should have held the suppression hearing * * *" because appellee failed to "file a notice of appeal challenging the trial court's decision on that issue." Appellant's strained conception of the waiver doctrine — which he seeks to apply to a non-appealing party — simply defies good reasoning. Moreover, it is axiomatic that the erroneous actions of a trial court — here, the decision to entertain a motion to suppress — do not define the parameters of appellate review. See, e.g., City of Lakewood v. AllStructures, Inc. (1983), 13 Ohio App.3d 115, 468 N.E.2d 378.
In sum, we find that the trial court did not err in considering the evidence seized by Officer Nohe from appellant's car. As we have found that the application of the exclusionary rule should not be extended to this case, it is of no consequence whether the motion to suppress was properly denied. See, generally, South Pacific Terminal Co. v. InterstateCommerce Comm. (1910), 219 U.S. 498, 514, 31 S.Ct. 279, 283 ("It is not the duty of a court to decide purely academic or abstract questions.").
Appellant's First Assignment of Error is OVERRULED.
 IV. The Sexual-Predator Classification
In appellant's Third Assignment of Error he argues that the trial court's finding that he is a sexual predator was against the manifest weight of the evidence. We disagree.
We have previously stated that a civil "manifest weight of the evidence" standard is to be applied when reviewing a sexual-offender-classification matter. See, e.g., State v. Hinkle (May 19, 2000), Perry App. No. 99CA19, unreported; State v. Hart (Mar. 24, 2000), Hamilton App. No. C-990541, unreported; State v. Daugherty (Nov. 12, 1999), Washington App. No. 99CA9, unreported; State v. Mollohan
(Aug. 19, 1999), Washington App. No. 98CA13, unreported; see, generally,State v. Cook, 65 Ohio St.3d at 516, 605 N.E.2d at 70.
Accordingly, "a judgment will not be reversed as being against the manifest weight of the evidence so long as it is supported by some competent and credible evidence." See Gerijo, Inc. v. Fairfield (1994),70 Ohio St.3d 223, 638 N.E.2d 533; Vogel v. Wells (1991), 57 Ohio St.3d 91,566 N.E.2d 154; C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus.
We emphasize that this standard is highly deferential: all that is required to sustain the judgment is some competent and credible evidence. See Barkley v. Barkley (1997), 119 Ohio App.3d 155,694 N.E.2d 989.
With the foregoing in mind, we turn to the trial court's adjudication classifying appellant as a sexual predator.
Our analysis begins with R.C. 2950.01(E), which defines a "sexual predator," inter alia, as one "who has been convicted of * * * a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). To determine whether the classification is warranted, a trial court may hold a hearing. See R.C.2950.09(C).
In a sexual-predator-classification hearing, the offender and the prosecutor are afforded the opportunity to present evidence relevant to whether the offender should be classified as a sexual predator. See R.C.2950.09(B)(1); State v. Morris (July 18, 2000), Washington App. No. 99CA47, unreported.
In making this determination, the trial court is required to consider the factors set out in R.C. 2950.09(B)(2).
 (a) The offender's age; (b) The offender's prior criminal record * * *; (c) The age of the victim * * * (d) Whether the sexually oriented offense * * * involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim * * *; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense * * *; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct * * * with the victim of the sexually oriented offense and whether the sexual conduct * * * was part of a demonstrated pattern of abuse; (i) Whether the offender * * * displayed cruelty * * *; (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
In the instant case, the trial court considered, inter alia, the following evidence in light of these statutory factors: the offender's age of twenty-three years; the victim's young age of four years; appellant's juvenile record, indicating that he had committed similar sexual transgressions on at least three other occasions; the specific, sordid details of the crime, which were vividly recounted — in appellant's own words — in the notebook turned over to the police; and appellant's own statement that he was afraid to be around young boys for fear of being overwhelmed by his sexual urges.
We find that the foregoing clearly constitutes sufficient competent and credible evidence to support the trial court's decision to classify appellant as a sexual predator. See Barkley v. Barkley,119 Ohio App.3d at 155, 694 N.E.2d at 989; see, generally, State v. White (Feb. 9, 2000), Summit App. No. 19387, unreported (explaining that the State is not required to demonstrate every factor in R.C. 2950.09(B)(2) before an offender can be classified as a sexual predator); accord Morris, supra ("A court may so classify an offender even if only one or two factors are present so long as the totality of the relevant circumstances show, by clear and convincing evidence, that the offender is likely to commit a sexually oriented offense in the future.").
Appellant's Third Assignment of Error is OVERRULED.
 V. The Validity Of Imposing The Maximum Sentence
In appellant's Second Assignment of Error he argues that the trial court erred in sentencing him to the maximum term. We disagree.
The Ohio General Assembly, by the enactment of R.C. Chapter 2929, has "significantly limit[ed] and channel[ed] the [sentencing court's] exercise of discretion." Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.) 495, Section 9.16; State v. Richards (Feb. 23, 2000), Hocking App. No. 99CA13, unreported; see R.C. 2929.12(A); State v. Persons (Apr. 26, 1999), Washington App. No. 98CA19, unreported; State v. McConnaughey
(Mar. 4, 1998), Athens App. No. 97CA39, unreported. Conformably, appellate review of a sentencing court's discretion is limited to whether the trial court failed to properly consider the "purposes, array of principles, factors, and presumptions," detailed throughout R.C. Chapter 2929. State v. Carter (July 16, 1999), Lawrence App. No. 98CA43, unreported; Richards, supra; accord Persons, supra (explaining that appellate review of a sentencing court's decision is not pursuant to the traditional notion of "abuse of discretion").
Accordingly, to determine whether a sentencing court properly exercised its discretion, an appellate court must examine the record to ascertain whether the trial court: "(1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record to support its findings; and (4) properly applied the statutory guidelines." State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11, unreported; accord Richards, supra.
In the instant case, appellant argues that the trial court failed to comply with R.C. 2929.19(B)(2)(d), which requires it to set forth its "reasons for imposing the maximum prison term." R.C. 2929.19(B)(2)(d); see State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131.
R.C. 2929.14(C) explains that "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *." (Emphasis added.) R.C.2929.14(C).
Here, after expressly considering the sentencing principles of R.C.2929.11, the seriousness and recidivism factors set forth in R.C. 2929.12, and appellant's "prior adjudications * * * for rape and Gross Sexual Imposition of minor males, * * * the likelihood of recidivism, and the seriousness of this offense which involved a sexual assault of a [four-year-old] male child," the trial court sentenced appellant to the maximum term of imprisonment, ten years.
We note that it is of no consequence whether these findings were specifically stated in the sentencing entry, as long as they were clearly articulated in the sentencing hearing. See State v. Borders (Aug. 7, 2000), Scioto App. No. 00CA2696, unreported ("[W]e may * * * consider the court's oral pronouncements in determining whether the trial court complied with R.C. 2929.19(B)(2)(d)"); accord State v. Edmonson (1999),86 Ohio St.3d 324, 715 N.E.2d 131; State v. Scheffler (June 22, 2000), Licking App. No. 99CA73, unreported.
Therefore, we find that the trial court adequately considered the pertinent statutory criteria in imposing the maximum sentence and did not fail to make the required preliminary findings. See State v. Ramirez
(1994), 98 Ohio App.3d 388, 648 N.E.2d 845 (holding that, absent a contrary showing in the record, it should be presumed that the lower court considered the necessary criteria).
Appellant's Second Assignment of Error is OVERRULED.
 VI. Conclusion
For the foregoing reasons, we OVERRULE appellant's assignments of error and AFFIRM the well-reasoned judgment of the Washington County Court of Common Pleas.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the WASHINGTON COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILY CONTINUED FOR A PERIOD NOT TO EXCEED SIXTY DAYS UPON THE BAIL PREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment Only.
Kline, J.: Concurs in Judgment Only as to Assignments of Error
I and III; Dissents as to Assignment of Error II.
[1] In exchange for this plea, it was agreed that appellant would not be prosecuted for any other crimes relating to the sexual molestation of either of Menking's children.