OPINION
{¶ 1} Appellant Kathy Roberts appeals the decision of the Guernsey County Court of Common Pleas, Juvenile Division, which granted permanent custody of her son, Damien Roberts, to Appellee Guernsey County Children Services Board ("GCCSB"). The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 19, 2003, Appellee GCCSB filed a complaint alleging Damien Roberts, age thirteen, was dependent and neglected. GCCSB was thereupon granted temporary custody. An adjudication hearing took place on June 16, 2003, at which time Damien's parents both entered an admission to the allegation of dependency. A judgment entry of dependency, with continued temporary custody to GCCSB, was issued on June 23, 2003.
 {¶ 3} On February 26, 2004, GCCSB filed a motion for permanent custody. Following an evidentiary hearing on June 22, 2004, the trial court issued a judgment entry filed July 16, 2004, which granted permanent custody of Damien to GCCSB.
 {¶ 4} On August 13, 2004, appellant filed a notice of appeal. Her brief was filed on March 11, 2005. On April 21, 2005, appellant's attorney filed a suggestion of appellant's death, pursuant to App.R. 29.
 {¶ 5} The following four Assignments of Error are now before this Court:
 {¶ 6} "I. The trial court erred in granting the appellees' motion for permanent custody on grounds that the child had been in the temporary custody of the appellees for more than twelve out of twenty-two months when the time computation included the time between the filing of the motion for permanent custody and the adjudicatory hearing on said motion.
 {¶ 7} "II. The award of permanent custody to the appellees guernsey county children services pursuant to R.C. 2151.414(b)(1)(D) is a violation of the appellant's right to due process of law.
 {¶ 8} "III. The trial court erred to the substantial prejudice of the appellant by conducting the adjudicatory hearing without first appointing trial counsel for the appellant, in violation of Juv.R. 29(b)(4).
 {¶ 9} "IV. The trial court violated the appellant's right to remain silent, pursuant to Juv.R. 29(b)(5) when it permitted the appellee to call the appellant as a witness for the appellee's case during the adjudicatory hearing without first advising the appellant of her right to remain silent."
 I., II. {¶ 10} In her First and Second Assignments of Error, appellant contends the trial court erred and violated her right to due process by granting permanent custody of Damien under 2151.414(B)(1)(d).
 {¶ 11} R.C. 2151.414(B)(1) reads in pertinent part as follows:
 {¶ 12} "Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 "* * * {¶ 13} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 14} The Ohio Supreme Court has held that before a public children-services agency or private child-placing agency can move for permanent custody of a child on R.C. 2151.414(B)(1)(d) grounds, the child must have been in the temporary custody of an agency for at least 12 months of a consecutive 22-month period. In re C.W., 104 Ohio St.3d 163,2004-Ohio-6411, syllabus. "In other words, the time that passes between the filing of a motion for permanent custody and the permanent-custody hearing does not count toward the 12-month period set forth in R.C. 2151.414(B)(1)(d)." Id. at ¶ 26.
 {¶ 15} However, our review of the record in this matter reveals that appellant failed to raise a challenge to the "12 of 22" basis at the trial court level, even though GCCSB's counsel indicated his reliance thereon during the permanent custody hearing.[1] See Tr. at 12. Accordingly, we find appellant's arguments waived on appeal. See In re Stillman (2000),155 Ohio App.3d 333, 338 (holding that a parent's failure to challenge the constitutionality of R.C. 2151.414(B)(1)(d) at the trial court level resulted in waiver of subsequent challenges on appeal.)
 {¶ 16} We are further disinclined to sua sponte raise the "12 of 22" issue as plain error. The Ohio Supreme Court has cautioned against excessive application of plain error analysis in civil matters. See In reKincer, Licking App. No. 03-CA-43, 2003-Ohio-6356, ¶ 52, citing Goldfussv. Davidson (1997), 79 Ohio St.3d 116, 122. In the case sub judice, as noted above, we have been advised that appellant has died during the pendency of the appeal. In practical terms, any return of Damien's custody to appellant is no longer a relevant issue. Under such circumstances, we are opposed to invoking the plain error doctrine as to R.C.2151.414(B)(1)(d).
 {¶ 17} Appellant's First and Second Assignments of Error are therefore overruled.
 III., IV. {¶ 18} In her Third and Fourth Assignments of Error, appellant challenges aspects of the June 3, 2003, adjudicatory hearing wherein Damien was found dependent.
 {¶ 19} An adjudication of dependency, followed by a disposition of temporary agency custody is a final appealable order. See, e.g., In reMurray (1990), 52 Ohio St.3d 155, 556 N.E.2d 1169, syllabus. Appellant fails to explain the delay in her notice of appeal, which was more than a year after the dependency finding and original disposition. Under the procedural facts of this case, we find we lack direct appeal jurisdiction over the issues herein raised in Appellant's Third and Fourth Assignments of Error due to the untimeliness of her notice of appeal.
 {¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is hereby affirmed.
By: Wise, J., Boggins, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is affirmed.
Costs to appellant.
[1] We are cognizant that In re C.W. was not decided until after the permanent custody hearing in the case sub judice; however, the Ninth District's judgment, which the Supreme Court ultimately affirmed, was issued two months prior to Damien's permanent custody hearing. See In reC.W., Summit App. Nos. 21809, 21811, 2004-Ohio-1987.