JOURNAL ENTRY AND OPINION
{¶ 1} In this consolidated appeal, appellant, E.B. ("mother"), argues that her due process and constitutional rights were violated when the trial court awarded permanent custody of her three children, E.S.B., E.I.B., and T.P., to the Cuyahoga County Department of Children and Family Services ("CCDCFS"). Finding no merit to the appeal, we affirm.
 {¶ 2} In 2003, E.S.B. and E.I.B. were removed from mother's home, adjudged neglected, and committed to the temporary custody of CCDCFS. Immediately after her birth in 2004, T.P. was placed into emergency custody with CCDCFS. She was later adjudged neglected and placed into the temporary custody of CCDCFS. In 2005, CCDCFS moved to modify the temporary custody of the children to permanent custody. After two hearings, the court granted CCDCFS' motions to modify temporary custody to permanent custody regarding all three children.
 {¶ 3} Mother appeals, raising two assignments of error. We note, however, that mother has not raised any argument regarding the trial court's final decision awarding permanent custody to CCDCFS. Therefore, pursuant to App.R. 12 and 16, we need not review the trial court's decision on this issue.
 Due Process Violations {¶ 4} In her first assignment of error, mother argues that she was deprived of due process as a result of (1) failure to serve Quan, the alleged father of E.S.B., with notice of trial; (2) failure to serve Michael, the father of E.I.B., with notice of trial; (3) failure to serve Michael with the motion for permanent custody at his last known address; and (4) denying Terrance's[1] motion for a continuance.
 {¶ 5} An appealing party may complain of an error committed against a non-appealing party when the error is prejudicial to the rights of the appellant. In re Hitchcock (1996),120 Ohio App.3d 88, 99-100, 696 N.E.2d 1090. Upon a showing of prejudice, the appellant may challenge the error committed against the non-appealing party. In re Hiatt (1993), 86 Ohio App.3d 716,721, 621 N.E.2d 1222. This court has held that one parent has standing on appeal to challenge the permanent custody order as void for failing to serve the other parent. In re Call (Apr. 12, 2001), Cuyahoga App. No. 78376.
 {¶ 6} A complaint for permanent custody leads to an adversarial proceeding which can deprive parents of all rights in their children. In re Miller, 61 Ohio St. 2d 184, 190,399 N.E.2d 1262 (1980). To grant permanent custody, the court is required to find that the child cannot be returned to either parent. See R.C. 2151.414(E). Where one parent is unable to defend against this challenge, prejudice to the other parent is inherent. In re Sky Jones, (Nov. 22, 2000), Cuyahoga App. No. 76533. Specifically, in In re Sky Jones, this court held that a parent's potential retention of parental rights are prejudiced where the court fails to secure proper service and consider the other parent's defenses to the termination of parental rights.
 {¶ 7} In regard to mother's first issue, service on Quan, we cannot say that this purported inability to defend against termination of parental rights prejudiced mother. First, the record demonstrates that Quan was served by publication the notice of the permanent custody motion. Second, Quan and mother were not married, Quan never established paternity, and the record indicates that he showed no interest in obtaining custody of E.S.B. This court addressed a similar factual situation in Inre D.H., Cuyahoga App. No. 82533, 2003-Ohio-6478, wherein we held that when there is no evidence that the alleged father is actually the father of the minor child, the alleged father's inability to defend against termination of his "parental rights" does not prejudice the mother. Because there is no evidence that Quan is actually the father of E.S.B., mother cannot show that she was prejudiced. Accordingly, she has no standing to object to the alleged service errors on Quan. Moreover, she failed to make any objection before the trial court concerning the lack of service on Quan, thereby waiving any argument on appeal. See, e.g., In re A.D., Cuyahoga App. No. 85648, 2005-Ohio-5441.
 {¶ 8} Regarding mother's second and third issues, service on Michael with the notice of trial and the motion to terminate parental rights, we first note that mother failed to make any objection before the trial court concerning these issues, thus waiving any argument on appeal. A.D., supra. Nevertheless, the record shows that Michael received actual notice of the permanent custody trial date on August 24, 2005 when he was present before the court and signed the notice of hearing set for October 25, 2005. This also demonstrates that he had actual notice of the permanent custody petition. The fact that he voluntarily failed to appear does not amount to deprivation of mother's due process rights. It is also worth noting that when the original motion for permanent custody was filed regarding E.I.B., Michael appeared before the trial court and agreed with granting permanent custody to CCDCFS. At that hearing, the trial court advised him that he no longer had to appear for these matters because he agreed to the permanent custody petition. Therefore, because Michael was not prejudiced by the alleged service errors, mother has no standing to raise these issues on Michael's behalf.
 {¶ 9} Mother argues in her final issue that she was deprived of her due process rights because Terrance's motion to continue was denied. The decision to grant a motion to continue a trial is within the trial court's sound discretion, and will not be disturbed absent an abuse of that discretion. In re J.P,
Cuyahoga App. No. 84473, 2005-Ohio-3390, citing In re Whitson,140 Ohio App.3d 409, 417, 2000-Ohio-1769, 747 N.E.2d 881. Further,
"in determining whether the trial court has abused itsdiscretion, appellate courts should apply a balancing test whichtakes cognizance of all the competing considerations.
* * *
In evaluating a motion for a continuance, a court should note,inter alia: the length of the delay requested; whether othercontinuances have been requested and received; the inconvenienceto litigants, witnesses, opposing counsel and the court; whetherthe requested delay is for legitimate reasons or whether it isdilatory, purposeful, or contrived; whether the defendantcontributed to the circumstance which gives rise to the requestfor a continuance; and other relevant factors, depending on theunique facts of each case. (Citations omitted)."
Id. Citing State v. Unger (1981), 67 Ohio St.2d 65, 67-68,423 N.E.2d 1078.
 {¶ 10} Loc.R. 49(C) of the Cuyahoga County Juvenile Court provides:
"No case will be continued on the day of trial or hearingexcept for good cause shown, which cause was not known to theparty or counsel prior to the date of trial or hearing, andprovided that the party and/or counsel have used diligence to beready for trial and have notified or made diligent efforts tonotify the opposing party or counsel as soon as he/she becameaware of the necessity to request a postponement. This rule maynot be waived by consent of counsel."
 {¶ 11} Terrance was not present for the permanent custody hearing on November 28, 2005 because he had been arrested on November 25 for failing to appear for sentencing in a criminal case. Terrance failed to notify the juvenile court or his counsel of his arrest. Instead, on the day of the hearing, his counsel was advised by a social worker that Terrance had been arrested and was incarcerated. At that time, his counsel moved for a continuance. The court determined that the motion was untimely because Terrance could have contacted his attorney to advise the court and the parties that he was incarcerated. Moreover, mother failed to object to the court's ruling on Terrance's motion.
 {¶ 12} We find no abuse of discretion in the court's denying Terrance's motion for a continuance. The record shows that the November 28 hearing began at 2:11 p.m. This was the first time that counsel notified the court of Terrance's incarceration. In fact, his counsel had no knowledge of his incarceration until a social worker advised her of the situation at trial. Clearly, Terrance knew of the circumstances prior to trial and could have made arrangements through his counsel to be transported from the county jail to the juvenile court. Instead, Terrance was dilatory in protecting his rights by failing to notify the court and his counsel that he was in jail. Nevertheless, we find that Terrance had counsel present at the adjudication hearing to fully protect his rights.
 {¶ 13} Accordingly, we find no abuse of discretion in the trial court's denying Terrance's motion to continue. Thus, we find that mother's due process rights were not violated by the trial court's denial of the motion because she was not inherently prejudiced. Terrance had counsel present, representing his interests, and he was unavailable for trial because of his own dilatory actions.
 {¶ 14} Accordingly, we find no merit to mother's first assignment of error.
 Effective Assistance of Counsel {¶ 15} In her final assignment of error, mother argues that she was denied her constitutional right to effective assistance of counsel because her counsel failed to object to the service errors and to the denial of a continuance.
 {¶ 16} The right to counsel, guaranteed in juvenile proceedings by R.C. 2151.352 and by Juv.R. 4, includes the right to the effective assistance of counsel. In re Heston (1998),129 Ohio App.3d 825, 827, 719 N.E.2d 93. "Where the proceeding contemplates the loss of parents' `essential' and `basic' civil rights to raise their children, * * * the test for ineffective assistance of counsel used in criminal cases is equally applicable to actions seeking to force the permanent, involuntary termination of parental custody." Id.
 {¶ 17} In order to establish a claim of ineffective assistance of counsel, mother must demonstrate that her trial counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington (1984),466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011, 111 L.Ed.2d 768, 110 S.Ct. 3258. Prejudice is demonstrated when appellant proves that, but for counsel's actions, there is a reasonable probability that the result of the proceedings would have been different. Strickland, supra at 694.
 {¶ 18} Because we found that the trial court did not abuse its discretion in denying Terrance's motion for a continuance and we found no errors in service or any prejudicial effect, we cannot say that counsel was ineffective for failing to object to these issues. Moreover, mother has failed to demonstrate prejudice. Her speculative statements that Terrance's testimony may have made a difference and that Michael may have changed his mind does not satisfy mother's burden of demonstrating that, absent the alleged errors made by counsel, the result probably would have been different.
 {¶ 19} Accordingly, her final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the juvenile court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J. and Kilbane, J. concur.
[1] Terrance is the father of T.P.