OPINION
{¶ 1} Appellant Madeline Morales appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, which granted permanent custody of her three children to Appellee Stark County Department of Job and Family Services ("SCDJFS"). The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant is the mother of Marcella Mendez (born in 2000), Gabriela Mendez (born in 1999), and Carlos Morales (born in 1994). On December 15, 2003, SCDJFS filed a complaint alleging dependency and neglect concerning the three children. On March 5, 2004, the children were found to be dependent, and temporary custody was maintained with SCDJFS. On January 12, 2005, SCDJFS filed a notice of extended visitation, indicating the agency was attempting reunification between appellant and Carlos and Marcella. (Due to Gabriella's diagnosis of autism, she remained in agency custody). However, due to the emergence of new concerns, Carlos and Marcella were again placed in the temporary custody of SCDJFS on August 17, 2005. On September 14, 2005, SCDJFS moved to place Carlos and Marcella in a planned permanent living arrangement ("PPLA"). A similar motion was made as to Gabriela on October 12, 2005. The court subsequently granted PPLA for all three children.
 {¶ 3} SCDJFS filed a motion for permanent custody on May 25, 2006. The trial court conducted an evidentiary hearing on July 20, 2006. The court issued a judgment entry on July 28, 2006, granting permanent custody of all three children to SCDJFS.
 {¶ 4} Appellant filed a notice of appeal on August 9, 2006. She herein raises the following eight Assignments of Error:
 {¶ 5} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ADMITTED THE TESTIMONY OF PSYCHOLOGIST DR. ROBIN TENER IN ABSENCE OF A SPECIFIC STATUTORY WAIVER OR EXCEPTION IN VIOLATION OF THE PSYCHOLOGIST-PATIENT PRIVILEGE.
 {¶ 6} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED AS A MATTER OF LAW WHEN IT FAILED TO GRANT A CHANGE OF LEGAL CUSTODY OF THE MINOR CHILDREN TO THEIR MATERNAL GRANDPARENTS OR THEIR MATERNAL AUNT.
 {¶ 7} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ADMITTED THE GUARDIAN AD LITEM REPORT CONTAINING PRIVILEGED INFORMATION IN THE ABSENCE OF A SPECIFIC STATUTORY WAIVER OR EXCEPTION AND APPELLANT DID NOT HAVE THE OPPORTUNITY TO CROSS-EXAMINE THE GUARDIAN AS TO HER WRITTEN REPORT.
 {¶ 8} "IV. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILDREN WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 {¶ 9} "V. THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING MOTHER'S REQUEST TO HAVE AN EXPERT APPOINTED TO ASSIST IN HER OWN DEFENSE IN VIOLATION OF HER CONSTITUTIONAL RIGHTS.
 {¶ 10} "VI. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED MOTHER'S GUARDIAN'S MOTION FOR A CONTINUANCE.
 {¶ 11} "VII. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN THE DEPARTMENT OF JOBS (SIC) AND FAMILY SERVICES FAILED TO PROVE SERVICE OF PROCESS ON THE FATHERS, WHICH DEPRIVED THE TRIAL COURT OF PERSONAL JURISDICTION OVER THE FATHERS, THEREBY PREJUDICING MOTHER AND THEREFORE REQUIRING A REVERSAL.
 {¶ 12} "VIII. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED PERMANENT CUSTODY OF MOTHER'S THREE CHILDREN TO THE DEPARTMENT OF JOBS (SIC) FAMILY SERVICES WHEN IT FAILED TO ESTABLISH THAT THE COURT HAD PERSONAL JURISDICTION OVER THE FATHERS AT ISSUE, THEREBY PREJUDICING MOTHER."
 I. {¶ 13} In her First Assignment of Error, appellant contends the trial court erred in admitting the testimony of Robin Tener, Ph.D., a psychologist who had conducted an evaluation of appellant. We disagree.
 {¶ 14} R.C. 4732.19 provides that "confidential communications between a licensed psychologist * * * and client are placed upon the same basis as those between physician and patient under division (B) of section2317.02 of the Revised Code." Effective April 10, 2001, the General Assembly enacted House Bill 506, which amended R.C. 2317.02(B)(1) to permit the testimony of providers of treatment or services ordered as a part of the case plan journalized under R.C. 2151.412. See In reFell, Guernsey App. No. 05 CA 8, 2005-Ohio-5790, ¶ 15, citing In reBuford (May 17, 2001), Cuyahoga App. No. 78214. See, also, In reJones, 99 Ohio St.3d 203, 2003-Ohio-3182.
 {¶ 15} Appellant's claim of a violation of psychologist-patient privilege is thus without merit. Appellant's First Assignment of Error is overruled.
 II. {¶ 16} In her Second Assignment of Error, appellant claims the trial court abused its discretion in declining to grant a change of legal custody to the children's maternal grandparents or their maternal aunt. We disagree.
 {¶ 17} It is well established that the trial court, as the fact finder, is free to believe all, part, or none of the testimony of each witness. State v. Caldwell (1992), 79 Ohio App.3d 667, 679,607 N.E.2d 1096. In contrast, as an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries
(February 10, 1982), Stark App. No. CA5758.
 {¶ 18} In the case sub judice, appellant filed a motion requesting legal custody to the aunt, Janette Rosario, just seven days before the permanent custody trial. Appellant then filed an alternate motion requesting legal custody to the maternal grandparents, Roberto and Rosa Ofray, just one day before said trial. All three relatives were called to testify by appellant. The aunt had only recently moved to Ohio from Florida, and had had no contact with the children for two or three years. Tr. at 123. She had no independent housing or employment, and relied on a boyfriend for spending money. Tr. at 125. The out-of-state grandparents had also had limited contact with the children over the prior three years, and had limited bedroom space at their residence. Tr. at 143-144. We also note the trial court expressed particular concern that these relatives expressed belief that the children should be with their mother. Findings of Fact and Conclusions of Law, July 28, 2006, at 17-18. A trial court may properly recognize that legal custody to third parties will not provide a legal barrier to a parent's future attempted assertions of his or her residual rights concerning the child. SeeIn re Fell, Guernsey App. No. 05 CA 9, 2005-Ohio-5299, ¶ 35, citing Juv.R. 2(Z).
 {¶ 19} Upon review, we conclude the trial court did not abuse its discretion in declining to grant a change of legal custody to the aforementioned relatives. Appellant's Second Assignment of Error is overruled.
 III. {¶ 20} In her Third Assignment of Error, appellant contends the trial court erred in admitting the children's guardian ad litem report. We disagree.
 {¶ 21} Appellant first asserts the report contained privileged information and should not have been admitted. However, based on our analysis of appellant's First Assignment of Error, we find this argument lacks merit.
 {¶ 22} Appellant secondly maintains the admission of the report was erroneous because although "[t]he Guardian did make statements at the time of the hearing, [she] never took the stand and was not available for purposes of cross-examination." Appellant's Brief at 10.
 {¶ 23} In In re Hoffman, 97 Ohio St.3d 92, 2002-Ohio-5368, syllabus, the Ohio Supreme Court held: "In a permanent custody proceeding in which the guardian ad litem's report will be a factor in the trial court's decision, parties to the proceeding have [a due process] right to cross-examine the guardian ad litem concerning the contents of the report and the basis for a custody recommendation." However, a review of the transcript in the case sub judice indicates appellant apparently chose not to call the guardian ad litem to the stand or otherwise make inquiry on the record, even though the GAL was present at the trial. It is well accepted law that a party is not permitted to complain of an error which said party invited or induced the trial court to make. SeeState v. Kollar (1915), 93 Ohio St. 89, 91, 112 N.E. 196.
 {¶ 24} Accordingly, appellant's Third Assignment of Error is overruled.
 IV. {¶ 25} In her Fourth Assignment of Error, appellant contends the trial court's conclusion that permanent custody would be in the children's best interests was not supported by the evidence. We disagree.
 {¶ 26} In determining the best interest of a child, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:
 {¶ 27} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 28} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 29} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 30} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 31} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 32} Appellant notes that the witnesses in this case consistently recounted that appellant loved her children, that a bond continued between appellant and her children, and that the children had at various times expressed desiring to return to their mother. Nonetheless, according to the testimony of ongoing caseworker Vicki Mitchell, Gabriela has autism and is a special needs child, but appellant has not addressed or demonstrated the ability to care for these concerns. Tr. at 17-23, 31-32. All three of the children are thriving in their current foster placement; when Carlos and Marcella were returned for a time to appellant's care, they both experienced significant behavioral problems. Tr. at 18. Marcella's problems escalated to the point that her safety became an issue. Id. The visitations with the children were frequently hampered by appellant's inability to control them, although the problem subsided upon their return to the foster mother. Tr. at 22. Appellant has relapsed in terms of drug usage by testing positive for cocaine use, and she has been inconsistent with her mental health medication, generally denying she has a mental health condition, despite her diagnosis of bi-polar disorder. Tr. at 40-41. Mitchell summarized her view that permanent custody would be in the children's best interest by noting the following:
 {¶ 33} "I do believe that mom, that Madeline loves her children, and I do believe that she has made efforts to get them returned to her care, however, her mental health has prevented her from being able to successfully rectify and reduce risk, so at this point we have been doing this for three years and we can't continue to halt permanency for these children as we have in my opinion gone above and beyond reasonable efforts and the fact that we even gave an extension with the PPLA status, gave new service providers, and even with that, with as intensive services as we were giving, we still were unable to reduce the risk to reunify these children." Tr. at 24.
 {¶ 34} SCDJFS also presented the testimony of Dr. Robin Tener, who stated, inter alia, that she had been "very concerned that [appellant] was underreporting the degree of dysfunctionality that [appellant] was actually demonstrating." Tr. at 48. Psychotherapist Tiffany Anton, who had been conducting intensive parent child intervention therapy ("IPCI") with appellant and the children, also testified. Tr. at 64. Anton eventually stopped the therapy due to appellant's cocaine use, lack of compliance with mental health treatment, and the risks to the children outweighing the benefits of the therapy. Tr. at 65-73. Counselor Donald Kissinger added that appellant's inconsistency with her mental health medication could negatively impact Carlos and Marcella, who he described as emotionally fragile and in need of stability and routine. Tr. at 92-93.
 {¶ 35} The court conducted an in camera interview with the children shortly after the evidentiary hearing. The children's guardian ad litem further recommended that permanent custody should be granted to the agency. Additionally, it is presently undisputed that the children had been in the temporary custody of SCDJFS for more than twelve of the prior twenty-two months at the time of the filing of the permanent custody motion. See R.C. 2151.414(D)(3), supra.
 {¶ 36} It is well-established that "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." In reMauzy Children (Nov. 13, 2000), Stark App. No. 2000CA00244, quoting In reAwkal (1994), 95 Ohio App.3d 309, 316, 642 N.E.2d 424. In the case sub judice, upon review of the record and the findings of fact and conclusions of law therein, we conclude the trial court's grant of permanent custody of Marcella, Gabriela, and Carlos to SCDJFS was made in the consideration of the children's best interests and did not constitute an error or an abuse of discretion.
 {¶ 37} Appellant's Fourth Assignment of Error is overruled.
 V. {¶ 38} In her Fifth Assignment of Error, appellant argues the trial court erred in denying her request for the appointment of an expert to assist in her case. We disagree.
 {¶ 39} The decision to appoint an expert witness rests within the sound discretion of the trial court. In the Matter of Skoda (Oct. 13, 1992), Licking App. No. 92-CA-54., citing State v. Broom (1988),40 Ohio St.3d 277, 283, 533 N.E.2d 682, 691. In making its determination, the trial court should consider the value of expert assistance to the defendant's representation and the availability of alternate devices that would fulfill the same functions as the assistance sought. Id.
 {¶ 40} As SCDJFS properly notes, this case fell under the "twelve of twenty-two" rule of R.C. 2151.414(B)(1)(d), such that the emphasis was on the best interests of the children. "It is axiomatic that both the best-interest determination and the determination that the child cannot be placed with either parent focus on the child, not the parent." In reMayle (July 27, 2000), Cuyahoga App. Nos. 76739, 77165, citingMiller v. Miller (1988), 37 Ohio St.3d 71, 75, 523 N.E.2d 846. While certainly the best interest testimony included issues pertaining to appellant's mental health issues, as we have noted in our analysis of appellant's Fourth Assignment of Error, supra, there were a number of other reasons the trial court found as a basis for concluding permanent custody would be in the children's best interests. Moreover, the trial court appointed a guardian ad litem to assist appellant in addition to her defense counsel. Upon review, we find the trial court did not abuse its discretion in denying appointment of an expert.
 {¶ 41} Appellant's Fifth Assignment of Error is overruled.
 VI. {¶ 42} In her Sixth Assignment of Error, appellant maintains the trial court erred in denying her request, via her guardian ad litem, for a continuance of the permanent custody trial. We disagree.
 {¶ 43} The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court. Polaris Ventures IV,Ltd. v. Silverman, Delaware App. No. 2005 CAE 11 0080, 2006-Ohio-4138, ¶ 14, citing State v. Unger (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078. In the case sub judice, appellant's trial counsel did not request the appointment of a guardian ad litem for his client until a few days before the permanent custody trial, despite the fact that the case had been open for almost three years and appellant had undergone two psychological evaluations. We note the court also generally gave appellant's guardian ad litem wide latitude in questioning the witnesses.
 {¶ 44} Under such circumstances, we are unpersuaded the trial court abused its discretion in denying the requested continuance. Appellant's Sixth Assignment of Error is overruled.
 VII. {¶ 45} In her Seventh Assignment of Error, appellant contends the trial court erred by proceeding on the permanent custody motion where SCDJFS "failed to prove" service of process on the children's fathers. We disagree.
 {¶ 46} The trial court found as follows on the present issue: "Fathers Rafael Mendez and Carlos Morales were served by publication and did not appear." Findings of Fact and Conclusions of Law, July 28, 2006, at 1. A review of the trial court file reveals copies of the notice of permanent custody proceedings for each father published in the Alliance Press News on June 8, 2006, as well as the corresponding affidavits under Juv.R. 16(A).
 {¶ 47} We find appellant's arguments pertaining to service on the fathers without merit. Appellant's Seventh Assignment of Error is therefore overruled.
 VIII. {¶ 48} In her Eighth Assignment of Error, appellant argues the trial court erred by granting permanent custody without ensuring the existence of personal jurisdiction over the children's fathers.
 {¶ 49} An appealing party may complain of an error committed against a nonappealing party when the error is prejudicial to the rights of the appellant. In re E.S.B., Cuyahoga App. Nos. 87669, 87673, 2006-Ohio-5002, ¶ 5, citing In re Hitchcock (1996), 120 Ohio App.3d 88, 99-100,696 N.E.2d 1090. Appellant herein essentially challenges the lack of clarity in the record as to how Rafael Mendez and Carlos Morales were established as the children's fathers. However, an appellate court will generally not consider any error which a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. See, e.g., Pastor v. Pastor, Fairfield App. No. 04 CA 67, 2005-Ohio-6946, ¶ 17, citing State v. 1981 Dodge Ram Van (1988),36 Ohio St.3d 168, 170, 522 N.E.2d 524. Throughout the proceedings judice, appellant raised no objections to references to these two men as the "fathers." See, e.g., Tr. at 15-16. After all the evidence had been presented, appellant's guardian ad litem abruptly made an oral motion to dismiss for "failure to properly identify all of the parties." Tr. at 164. Given that this last-minute motion did not clearly raise a question of paternity establishment, there was no further discussion on the record as to how appellant had been prejudiced thereby. Under such circumstances, we find this argument waived for purposes of appeal.
 {¶ 50} Appellant's Eighth Assignment of Error is overruled.
 {¶ 51} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
By: Wise, P. J. Edwards, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.
Costs to appellant.