OPINION
{¶ 1} Appellant Douglas Napier appeals the decision of the Holmes County Court of Common Pleas, Juvenile Division, which granted permanent custody of his minor child, Sierena Napier, to Appellee Holmes County Department of Job and Family Services ("HCDJFS"). The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 14, 2005, HCDJFS filed a complaint alleging that Sierena, born in 1996, was a dependent child under R.C. 2151.04. The complaint specifically alleged, inter alia, that Sierena's fourteen-year-old sister had reported to a physician that she had engaged in sexual relations with Appellant Napier, her mother's boyfriend at the time. Sierena was thereupon ordered into the temporary custody of HCDJFS.
 {¶ 3} On November 3, 2005, following a stipulation by appellant, Sierena was found to be dependent. A dispositional hearing was conducted on November 21, 2005.
 {¶ 4} On December 12, 2006, HCDJFS filed a motion for permanent custody, based on the agency's concerns that appellant had not sufficiently complied with the requirements of his case plan. While the permanent custody motion was pending, appellant requested genetic paternity testing, which subsequently demonstrated his paternity of Sierena. Following evidentiary hearings on April 12, 2007 and May 16, 2007, the trial court issued a judgment entry on September 7, 2007, granting permanent custody of Sierena to HCDJFS.
 {¶ 5} Appellant thereafter timely filed a notice of appeal. He herein raises the following four Assignments of Error: *Page 3 
 {¶ 6} "I. THE TRIAL COURT ERRED IN FINDING THE CHILD HAD BEEN IN THE CUSTODY OF THE HOLMES COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES FOR TWELVE OF THE LAST TWENTY TWO MONTHS.
 {¶ 7} "II. THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY WHEN THE WRITTEN REPORT OF THE GUARDIAN AD LITEM WAS UNTIMELY SUBMITTED THEREBY DENYING APPELLANT THE OPPORTUNITY TO CROSS EXAMINE THE GUARDIAN.
 {¶ 8} "III. THE TRIAL COURT ERRED IN FINDING THAT A GRANT OF PERMANENT CUSTODY WAS IN THE CHILD'S BEST INTEREST.
 {¶ 9} "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION IN CONSIDERING APPELLANT'S VIEWS ON THE HCDJFS AND THE GOVERNMENT WHEN DETERMINING THE BEST INTEREST OF THE CHILD."
 I. {¶ 10} In his First Assignment of Error, appellant contends the trial court erred in finding that Sierena had been in agency custody for twelve months of a consecutive twenty-two month period. We disagree.
 {¶ 11} Before a public children-services agency or private child-placing agency can move for permanent custody of a child on R.C.2151.414(B)(1)(d) grounds, the child must have been in the temporary custody of an agency for at least 12 months of a consecutive 22-month period. In re Roberts, Guernsey App. No. 04 CA 29, 2005-Ohio-2843, ¶ 14, citing In re C.W., 104 Ohio St.3d 163, 818 N.E.2d 1176, 2004-Ohio-6411, syllabus. *Page 4 
 {¶ 12} Specifically, R.C. 2151.414(B)(1) reads in pertinent part as follows:
 {¶ 13} "Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 14} " * * *
 {¶ 15} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 16} "For the purposes of division (B)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home."
 {¶ 17} Appellant herein faults the trial court for merely indicating in its judgment entry that Sierena had been in temporary agency custody since March 11, 2005, and failing to clarify the date of adjudication of dependency and the "sixty days after removal" aspects. However, a review of the record reveals that adjudication occurred in this matter via judgment entry dated November 3, 2005. By our count, sixty days would have lapsed post-removal on May 10, 2005. Using the earlier of these two dates, May 10, 2005, as the starting point, Sierena had continuously been in temporary custody of the agency for more than twelve months as of the date of the filing of the permanent custody motion on December 12, 2006. *Page 5 
 {¶ 18} Accordingly, we hold the trial court did not commit reversible error in applying the "12 of 22" rule of R.C. 2151.414(B)(1)(d) under the circumstances of this case. Appellant's First Assignment of Error is overruled.
 II. {¶ 19} In his Second Assignment of Error, appellant contends the trial court erred in granting permanent custody where the written report of the guardian ad litem was filed post-hearing.
 {¶ 20} R.C. 2151.414(C) states in pertinent part as follows:
 {¶ 21} "In making the determinations required by this section or division (A)(4) of section 2151.353 of the Revised Code, a court shall not consider the effect the granting of permanent custody to the agency would have upon any parent of the child. A written report of the guardian ad litem of the child shall be submitted to the court prior to or at the time of the hearing held pursuant to division (A) of this section or section 2151.35 of the Revised Code but shall not be submitted under oath. * * *."
 {¶ 22} In the case sub judice, the final guardian ad litem report was not filed until May 31, 2007, approximately two weeks after the second day of the permanent custody evidentiary hearing on May 16, 2007. However, at said hearing, appellant's trial counsel specifically stated he had no objection to the trial court's decision to permit the guardian ad litem to file her report post-hearing, for which the court set the deadline of June 1, 2007. See Tr., May 16, 2007, at 121-123. An appellate court will generally not consider any error which a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. See, e.g., In reMorales/Mendez Children, Stark *Page 6 
App. No. 2006CA00232, 2006-Ohio-6403, ¶ 49, citing State v.1981 Dodge RamVan (1988), 36 Ohio St.3d 168, 170, 522 N.E.2d 524.
 {¶ 23} Accordingly, appellant's Second Assignment of Error is overruled.
 III., IV. {¶ 24} In his Third and Fourth Assignments of Error, appellant contends the trial court erred in (1) finding Sierena's best interest would be served by granting permanent custody and (2) in considering appellant's personal opinions about HCDJFS in reaching the best interest determination. We disagree on both counts.
 {¶ 25} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279, 281, 376 N.E.2d 578.
 {¶ 26} In determining the best interest of a child, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:
 {¶ 27} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child; *Page 7 
 {¶ 28} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 29} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 30} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 31} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 32} As to best interests, the record in the case sub judice reveals Sierena has been in foster placement continuously since March 11, 2005. On June 5, 2006, Sierena's mother was sentenced to five years in prison on a child endangering conviction regarding Sierena's half-sister. Appellant himself was arrested on theft charges on October 18, 2005, and remained in jail until June 16, 2006. Tr. at 21, 42. Appellant's history on his monthly child support obligation of $192.46 consisted of two complete payments in 2005 and one payment of $100.00 in 2007 (even though he had been out of jail since June 16, 2006). Tr. at 42. Appellant was unemployed at the time he went to jail, and his work history was sporadic following his release. *Page 8 
 {¶ 33} Since his release from prison, appellant has lived in three different residences. At the time of the evidentiary hearing, he was living with his adult son, but he was not named on the lease. Appellant had participated in Melymbrosia counseling as part of his case plan; however, he announced in early December 2006 that he was canceling all of his future appointments and terminating his participation. Tr. at 31. According to Dr. Steve Dean, clinical director and psychologist for Melymbrosia Associates, appellant would need to continue for approximately one year in the counseling which had been left unfinished. Tr. at 102.
 {¶ 34} Sierena's foster placement was combined with her half-brother and half-sister (Tr. at 15); the HCDJFS caseworker, Emily Ayers, indicated that she would try to keep the sisters together (Tr. at 55), as their brother is eighteen and has plans to join the military. Sierena is doing quite well in her foster placement; in contrast, appellant and Sierena have had no reviewable visitation due to the lack of a positive recommendation from Melymbrosia. Tr. at 43-44. The guardian ad litem maintained a recommendation that Sierena's best interests would be served by a grant of permanent custody.
 {¶ 35} Finally, appellant argues that the trial court inordinately emphasized appellant's personal views about the child welfare system, which the court described as "unsupported paranoia about HCDJFS personnel and an unhealthy suspicion of lawful governmental authority in general." Findings of Fact and Conclusions of Law at 7. We note R.C.2151.414(D) requires the court to "consider all relevant factors, including, but not limited to [the factors under D(1) through (D)(5)]." Here, the trial court expressed concern over Sierena's exposure to some of appellant's views, which apparently *Page 9 
include a belief that a conspiracy exists to provide child labor for the benefit of the Amish in Holmes County. Findings of Fact and Conclusions of Law at 7. Given that this issue was just a part of the overall R.C.2151.414(D) analysis by the trial court, we are disinclined to find reversible error on this basis.
 {¶ 36} It is well-established that "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." In reMauzy Children (Nov. 13, 2000), Stark App. No. 2000CA00244, quoting In reAwkal (1994), 95 Ohio App.3d 309, 316, 642 N.E.2d 424. In the case sub judice, upon review of the record and the findings of fact and conclusions of law therein, we conclude the trial court's grant of permanent custody of Sierena to HCDJFS was made in the consideration of the child's best interests and did not constitute an error or an abuse of discretion.[1] *Page 10 
 {¶ 37} Appellant's Third and Fourth Assignments of Error are overruled.
 {¶ 38} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Holmes County, Ohio, is hereby affirmed. By: Wise, P. J. Edwards, J., and Delaney, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Holmes County, Ohio, is affirmed.
Costs assessed to appellant.
[1] We add that Sierena's mother has separately appealed (App. No. 07-CA-18), and we therein reach the same conclusion as to best interests. *Page 1