OPINION
{¶ 1} Appellant Venus Green appeals the decision of the Holmes County Court of Common Pleas, Juvenile Division, which granted permanent custody of her minor child, Sierena Napier, to Appellee Holmes County Department of Job and Family Services ("HCDJFS"). The relevant procedural facts leading to this appeal are as follows.
 {¶ 2} On March 14, 2005, HCDJFS filed a complaint alleging that Sierena, born in 1996, was a dependent child under R.C. 2151.04. The complaint specifically alleged, inter alia, that Sierena's fourteen-year-old half-sister had reported to a physician that she had engaged in sexual relations with Douglas Napier, who is Sierena's father and appellant's former boyfriend.
 {¶ 3} On November 3, 2005, following a joint stipulation, Sierena was found to be dependent. A dispositional hearing was conducted on November 21, 2005. In the meantime, appellant was arrested for child endangering on February 22, 2006, and was subsequently sentenced to five years in prison.
 {¶ 4} On December 12, 2006, HCDJFS filed a motion for permanent custody, based on the agency's concerns that the parents had not sufficiently complied with the requirements of their respective case plans. At the initial evidentiary hearing on February 27, 2007, both appellant and Douglas Napier appeared with counsel. As an initial matter, Napier's attorney requested a continuance to obtain genetic paternity testing. No objections were made by appellant or HCDJFS; therefore, the court continued Napier's portion of the case. The evidentiary hearing then went forward that *Page 3 
day as to appellant. Napier's portion of the case was heard via additional evidentiary hearings on April 12, 2007 and May 16, 2007.
 {¶ 5} Combining the evidence heard on all three occasions, the trial court issued a judgment entry with findings of fact and conclusions of law on September 7, 2007, granting permanent custody of Sierena to HCDJFS.
 {¶ 6} Appellant thereafter timely filed a notice of appeal.[1] She herein raises the following three Assignments of Error:
 {¶ 7} "I. THE TRIAL COURT COMMITTED PLAIN ERROR AND VIOLATED VENUS GREEN'S RIGHT TO DUE PROCESS BY BIFURCATING THE HEARINGS ON PERMANENT CUSTODY AS TO THE PARENTS, AND BY DENYING VENUS GREEN THE OPPORTUNITY TO ATTEND ALL THE HEARINGS.
 {¶ 8} "II. THE TRIAL COURT'S TERMINATION OF PARENTAL RIGHTS WAS BASED LARGELY ON MATTERS LACKING IN DEMONSTRATED CONSEQUENCE, AND THEREFORE THERE WAS NOT COMPETENT, CREDIBLE EVIDENCE TO SUPPORT IT; AND THE ORDER OF PERMANENT CUSTODY WAS NOT IN THE BEST INTERESTS OF THE CHILD.
 {¶ 9} "III. THE TRIAL COURT ERRED BY TAKING VENUS GREEN'S MOTION FOR NEW GUARDIAN AD LITEM UNDER ADVISEMENT, AND THEN FAILING TO RULE ON THE MOTION." *Page 4 
 I. {¶ 10} In her First Assignment of Error, appellant contends the trial court committed plain error and denied her right to due process by hearing her portion of the case separately from Napier's case. We disagree.
 {¶ 11} We recognize that parental rights may only be terminated where a court finds that permanent custody is appropriate under circumstances of a particular case and all due process safeguards have been followed. See In re Cravens, Defiance App. No. 4-03-48, 2004-Ohio-2356, ¶ 17, citing In re Palmer (1984), 12 Ohio St.3d 194, 196, 465 N.E.2d 1312. The gist of appellant's argument herein is that she was not present for the final two hearings conducted on April 12, 2007 and May 16, 2007, which the trial court referred to as the "trial as to Mr. Napier." See interim judgment entry of May 23, 2007. The record reflects that appellant wrote a pro se letter to the court, subsequent to the judgment entry of permanent custody, indicating that she had not been made aware of the hearings of April 12, 2007 and May 16, 2007. Appellant presently maintains that these two hearings concerned Sierena's best interest, thus directly affecting appellant, but that she was deprived of an opportunity to participate therein and cross-examine witnesses, despite her trial counsel's earlier acquiescence to a bifurcation-by-parent format.
 {¶ 12} The record, however, reveals that each of the two hearing notices issued by the court for the "the trial as to Mr. Napier" contain directions to the clerk to send a copy to appellant's trial counsel, as well as the other counsel. See Scheduling Judgment Entries of March 13, 2007 and April 17, 2007. Civ.R. 5 governs service of papers subsequent to the original complaint. Civ.R. 5(B) provides: "Whenever under *Page 5 
these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon the attorney unless service upon the party is ordered by the court." Thus, appellant's due process claim that no effort was made to contact her about the latter two hearings is unfounded, and any concerns on this issue must be ascribed to trial counsel's strategy in representing her.
 {¶ 13} Appellant additionally posits her argument as plain error. The doctrine of plain error in civil cases is limited to exceptionally rare cases in which the error, left unobjected to at the trial court, "rises to the level of challenging the legitimacy of the underlying judicial process itself." See Goldfuss v. Davidson, 79 Ohio St.3d 116, 122,679 N.E.2d 1099, 1997-Ohio-401. Upon review of the record, and in light of the circumstances discussed in our above analysis, we find an invocation of the doctrine of plain error unwarranted in the case sub judice.
 {¶ 14} Accordingly, appellant's First Assignment of Error is overruled.
 II. {¶ 15} In her Second Assignment of Error, appellant contends the trial court's grant of permanent custody was not supported by the evidence. We disagree.
 {¶ 16} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the *Page 6 
evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279, 376 N.E.2d 578. It is well-established that the trial court is in the best position to determine the credibility of witnesses. See, e.g.,In re Brown, Summit App. No. 21004, 2002-Ohio-3405, ¶ 9, citing State v.DeHass (1967), 10 Ohio St .2d 230, 227 N.E.2d 212.
 {¶ 17} Appellant does not herein dispute the applicability of the "twelve of twenty-two" rule of R.C. 2151.414(B)(1)(d); as such, our emphasis resides with the issue of the best interests of Sierena. SeeIn re Morales/Mendez Children, Stark App. No. 2006 CA 00232,2006-Ohio-6403, ¶ 40.
 {¶ 18} In determining the best interest of a child, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:
 {¶ 19} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 20} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 21} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 22} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; *Page 7 
 {¶ 23} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 24} As to best interests, the record in the case sub judice reveals Sierena has been in foster placement continuously since March 11, 2005. On June 5, 2006, appellant was sentenced to five years in prison on a child endangering conviction regarding Sierena's half-sister. Appellant's incarceration will thus block her ability to provide a home for Sierena for the next several years. See R.C. 2151.414(E)(12). Appellant's payment of her child support obligation for Sierena has been minimal, with an arrearage of more than $1,800.00 on a monthly obligation of $100.08. Tr. at 16.
 {¶ 25} Sierena's foster placement was combined with her half-brother and half-sister. The HCDJFS caseworker indicated that she would try to protect the bond the siblings have, although we note her brother was already eighteen and her sister was sixteen-and-a-half at the time of Sierena's permanent custody hearing. Sierena "interacts very well" in the current placement, and this foster family would be approached first regarding adoption. Tr. at 41. The guardian ad litem maintained her recommendation that Sierena's best interests would be served by a grant of permanent custody.
 {¶ 26} It is well-established that "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." In reMauzy Children (Nov. 13, 2000), Stark App. No. 2000CA00244, quoting In reAwkal *Page 8 
(1994), 95 Ohio App.3d 309, 316, 642 N.E.2d 424. In the case sub judice, upon review of the record and the findings of fact and conclusions of law therein, we conclude the trial court's grant of permanent custody of Sierena to HCDJFS was made in the consideration of the child's best interests and did not constitute an error or an abuse of discretion.[2]
 {¶ 27} Accordingly, appellant's Second Assignment of Error is overruled.
 III. {¶ 28} In her Third Assignment of Error, appellant contends the trial court erred in failing to rule on her written request for the appointment of a new guardian ad litem. We disagree.
 {¶ 29} "* * * [T]he trial court is not bound by any findings or recommendations of a guardian ad litem, and will review the guardian ad litem's report in connection with all the other evidence presented to it. The court is the finder of fact, and assesses the weight and credibility of the evidence before it. This court may not substitute its judgment for that of the trial court." Smith v. Quigg, Fairfield App. No. 2005-CA-001, 2006-Ohio-1494, ¶ 51, citing In the Matter of McLaughlinChildren, Stark App. No. 2002-CA-00316, 2003-Ohio-761.
 {¶ 30} Appellant's pro se letter to the trial court, dated February 7, 2006, alleged that the guardian ad litem was biased and was pressuring appellant to cooperate with a police investigation. The trial court issued an entry the next day, indicating that the request would be taken under advisement. Given that appellant did not further elaborate on her allegations in the record and that the trial court did not re-visit the matter, we find *Page 9 
the request was implicitly denied. Our review of the record under these circumstances does not indicate a basis for this Court to substitute its judgment for that of the trial court as to the participation of the guardian ad litem.
 {¶ 31} Appellant's Third Assignment of Error is therefore overruled.
 {¶ 32} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Holmes County, Ohio, is hereby affirmed.
 By: Wise, P. J. Edwards, J., and Delaney, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Holmes County, Ohio, is affirmed.
Costs to appellant.
[1] The trial court docket in this case is unclear as to service of the judgment entry under appeal; we will therefore treat the notice of appeal as timely. See In re: Mills, Richland App. No. 01 CA 96, 2002-Ohio-2503.
[2] We add that Sierena's father has separately appealed (App. No. 07-CA-17), and we therein reach the same conclusion as to best interests. *Page 1